## JOHNSON And CARROLL *v.* STATE

(Two Appeals in One Record)

[No. 328, September Term, 1964.]

*Decided May 28, 1965.*

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

*Joseph Burke* for the appellants.

*Carville M. Downes, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moylan,*

*Jr., State's Attorney for Baltimore City,* and *Donald Needle, Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

Ernest Johnson and Robert Bernard Carroll, appellants, were tried by Judge Harlan without a jury, in the Criminal Court of Baltimore, and found guilty on September 15, 1964, of unlawfully stealing, taking and carrying away a television set valued at $75. They were sentenced to eighteen months in the Maryland Correctional Institute, Johnson's sentence to run consecutively with any sentence for violation of parole. They appealed from the judgments and sentences.

Henrietta Satterfield on August 2, 1964, lived at 928 North Carrollton Avenue in Baltimore. She left her home at about 10:00 a.m. to go to church and when she returned an hour later, her television was missing. She testified that her husband paid about $75 for the set at a pawn shop and that she had had it about a year and a half. The record indicates that a witness, Gilmor, saw one of the appellants, Johnson, leave the Satterfield house with a television set and meet appellant Carroll at the corner of Mosher Street and Carrollton Avenue, whence they drove off with the set. Two other witnesses testified that they also saw the events set out above. The television was not recovered.

Appellants on appeal argue that there was not sufficient evidence to justify sustaining the convictions. We do not agree. The evidence produced against the appellants was more than sufficient to sustain their convictions of larceny of goods valued at less than $100. Three neighbors saw either one or both appellants removing a television set from a house in the absence of the occupant. These witnesses attended a police line-up and identified appellants. We have held on numerous occasions that the question of credibility of the evidence is for the trier of the facts. Our function is merely to decide whether there was sufficient evidence from which the trier of the facts could properly draw the conclusion of guilt beyond a reasonable doubt. *Armwood v. State,* 229 Md. 565, 185 A. 2d 357; Maryland Rule 886 a. Appellants now argue that the testimony as to the

value of the television set was based on hearsay and should have been excluded, and that their arrest was illegal. However, upon examination of the record, we find no objection as to these points and, therefore, they have not been preserved for review on appeal. *Porter v. State,* 230 Md. 535, 187 A. 2d 870; Rule 522 d 2.

*Judgments and sentences affirmed.*