PEARLMAN *v.* STATE

[Misc. No. 5, September Term, 1961.]

*Decided September 21, 1961.*

Submitted to BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

Submitted by *William Pearlman, pro se,* for the appellant.

Submitted by *Thomas B. Finan, Attorney General,* and *Lawrence F. Rodowsky, Assistant Attorney General,* for the appellee.

## MEMORANDUM OPINION AND ORDER

PER CURIAM.

The State has moved to dismiss the purported appeal of William Pearlman from an order of the Criminal Court of Baltimore dated August 11, 1961, denying Pearlman's application for a redetermination of the question of his indigency. Pearlman was found not to be an indigent and hence not entitled, at State expense, to a copy of the transcript or to payment of a counsel fee in connection with a motion for a new trial in a case in which he and four co-defendants had been convicted of conspiracy to defraud. The question of Pearlman's indigency was determined adversely to him in the Criminal Court of Baltimore after a full hearing held on October 20, 1960, by an order dated November 15, 1960. On appeal to this Court, this finding was affirmed on July 5, 1961. It was held by this Court that Pearlman (and two of his co-defendants who had also been found not to be indigent) would have to pay their pro rata shares of the cost of the transcript if they desired to press their motions for a new trial or to appeal on the merits, and that they would have to employ their own counsel if they desired to be represented by counsel on such a motion or on appeal. *Pearlman v. State,* 226 Md. 67, 172 A. 2d 395.

Almost immediately Pearlman sought a stay of the mandate pending application to the Supreme Court of the United States for a writ of certiorari, which application, we were informed, was to be based upon a change in Pearlman's financial condition which he claimed had occurred after the date of the hearing in the trial court on his alleged indigency. This Court being of the opinion any such subsequent change as might have occurred would not constitute a part of the record on his appeal refused to issue a stay. Pearlman then applied to a Justice of the Supreme Court for a stay of the mandate, which was opposed by the State and was denied by Mr. Justice Black on August 4, 1961.

Pearlman then filed an application dated August 6, 1961, with a Judge of the Criminal Court of Baltimore, Judge Sodaro, for a redetermination of the question of his indigency based upon his then financial condition. This application was denied by Judge Sodaro on August 11th, 1961. On August 14, 1961, during a recess of this Court, Pearlman addressed a letter, accompanied by sundry exhibits, to the Chief Judge of this Court seeking to appeal from Judge Sodaro's ruling. In the absence of Judge Brune, his letter was referred to Judge Hammond, who, by a letter dated August 21, 1961, (a) advised Pearlman that his letter would be referred to the whole Court when it reconvened on September 12th and (b) called Pearlman's "attention to Maryland Rules 811 and 812, which provide, respectively, that an appeal 'shall be taken by filing an order for appeal with the clerk of the lower court * * *' within thirty days of the judgment appealed from."

Pearlman's letter of August 14, 1961, was clearly not a proper form of taking an appeal under Rule 811, even if the denial of his application for a redetermination of the question of indigency constitutes an appealable order. Whether it does or does not is a question which we do not now decide. (We note from an exhibit accompanying Pearlman's letter of August 14th that he has paid a part and expects ·to pay the balance of his pro rata share of the cost of the transcript by September 21, 1961. He still claims to be unable to pay a counsel fee. It appears that Pearlman is at liberty on bail.)

We are informed by the Attorney General that Pearlman did file a notice of appeal with the Clerk of the Criminal Court of Baltimore on August 25, 1961, which was within thirty days of the denial of his application. See Md. Rule 812. No record on appeal has been transmitted to this Court pursuant to that notice of appeal. Unless and until such a record is transmitted the appeal is not perfected. (As to the time for the transmission of the record see Maryland Rule 825.) At the present time, there is no appeal properly before this Court.

The purported appeal attempted to be taken by Pearlman's letter of August 14th, 1961, is not properly before this Court and the motion to dismiss the purported appeal on that ground is accordingly granted and the purported appeal is hereby dismissed.

> *Motion to dismiss purported appeal as not properly taken granted and appeal dismissed.*