## KEYS *v.* KEYS

[No. 370, September Term, 1967.]

*Decided November 6, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, FINAN, SINGLEY and SMITH, JJ.

*Alvin Solomon* for appellant.

*W. Emerson Brown, Jr.,* with whom were *Brown, Allen, Dorsey & Josey* and *Llewellyn Woolford* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

On August 12, 1965, the appellant, Gladys B. Keys, filed suit in the Circuit Court of Baltimore City against her husband, Herbert J. Keys, the appellee, for alimony, custody of and support for the minor children of the parties, counsel fees, and costs. The grounds for the suit were adultery, cruelty, and constructive abandonment and desertion. On May 2, 1967, after trial of the case, the lower court awarded custody of the parties' three minor children to the wife, ordered appellee to pay support for such minor children and to pay a fee for appellant's counsel, plus court costs, but otherwise dismissed the bill of complaint. From the action of the trial court Mrs. Keys appealed.

The parties were married on December 8, 1944, and have eight children. At the time of the trial three minor children were living with the mother. Until the Keys separated, they and their children resided in a house in Baltimore City which Mr. Keys had purchased one or two years after the marriage. Mrs. Keys was a housewife and Mr. Keys operated an automobile repair shop in a garage which he was purchasing under a contract of sale.

The instant case was originally set for trial on November 2, 1966. That day, before the case was called for trial, the parties and their counsel composed an agreement which allegedly included provisions for alimony, custody and support of the children. Although the agreement was reduced to writ-

ing and was executed by Mrs. Keys, Mr. Keys never signed it.

The lower court refused to allow an amendment to the bill of complaint alleging desertion by the appellee on November 2, 1966, and also refused to allow into evidence testimony pertaining to certain terms of the November 2, 1966, agreement.

On appeal, Mrs. Keys raises three questions: (1) was the trial court correct in refusing to permit appellant to amend her bill of complaint and allege a desertion on the part of the appellee which occurred on November 2, 1966; (2) was the trial court correct in refusing to permit the appellant to testify as to an agreement entered into by the parties on November 2, 1966, and to preclude cross-examination of the appellee concerning that agreement after appellee, on direct examination, had testified concerning it; and (3) on the facts adduced from the parties and witnesses, was the trial court correct in not granting the appellant all the relief she requested.

Appellant's first question, whether the trial court should have allowed an amendment of her bill, is not properly before this Court for review. After appellant's counsel, Mr. Solomon, had finished his opening statement at the trial of the case, he stated: "We would amend and add an additional allegation of desertion on November 2, 1966, on the part of Mr. Keys." Following a discussion of the matter between both parties' counsel and the court, the motion was disposed of as follows:

> "(The Court) . . . . My inclination at this moment is that if Mr. Brown contends that is a short notice and he hasn't had the proper opportunity to defend against that, I would say that Mr. Brown's point is well-taken. I wouldn't permit an amendment like that this morning.
> (Mr. Solomon) I'm satisfied with the Court's ruling.
> (The Court) Sir?
> (Mr. Solomon) I am satisfied with the Court's ruling.
> (The Court) Do you want to proceed then on the Bill of Complaint as it presently exists, without that or whatever evidence might come about it later, of course?
> (Mr. Solomon) Yes, I want to proceed now . . . ."

The record clearly establishes that appellant was satisfied with the Court's ruling on her request to amend her bill, and since no objection was made, she did not properly preserve her right to question the ruling on appeal. Maryland Rule 522 b; *Gwaltney v. Morris*, 237 Md. 173, 205 A. 2d 266.

Appellant's second contention alleges that the lower court committed reversible error in ruling on the admissibility of testimony concerning the agreement of November 2, 1966. The first such error allegedly occurred when appellant's counsel asked Mrs. Keys whether the terms of the agreement required Mr. Keys to leave the house. The trial court sustained an objection. Since we have decided that this case did not involve an issue as to whether appellee had deserted the appellant subsequent to the filing of the original bill, the question to which appellee's objection was sustained had no apparent relevancy. The lower court's action in sustaining the objection is not subject to review since appellant neither informed the court of the nature of the question's relevancy, nor made a formal proffer of what the testimony would be and obtained a ruling from the trial court upon its admissibility. *Leitch v. Anne Arundel County*, 248 Md. 611, 237 A. 2d 748; *Smirlock v. Potomac*, 235 Md. 195, 200 A. 2d 922; *Fowler v. Benton*, 229 Md. 571, 185 A. 2d 344, *cert. denied*, 375 U. S. 845. The second error allegedly occurred when the trial court prevented appellant's counsel from cross-examining Mr. Keys about the November 2 agreement after he had referred to it in his direct testimony. Even if we assume without deciding that there was error in such refusal, it was not prejudicial. The only relief sought by appellant (other than attorney's fees and costs) was support for herself and custody of and support for the children. Both she and Mr. Keys were allowed to testify as to the total amount which he would pay her as a result of the agreement.

Appellant's third question is whether, on the facts adduced from the witnesses, the lower court was correct in not granting the appellant all the relief she requested. In order to be entitled to a decree for permanent alimony, the appellant had to establish a ground sufficient to support a decree of divorce a vinculo or a mensa. *Golas v. Golas*, 247 Md. 621, 233 A. 2d 804; *Rubin v. Rubin*, 233 Md. 118, 195 A. 2d 696; *Levy v. Levy*, 229 Md.

103, 181 A. 2d 663. Her complaint alleges three separate grounds: adultery, cruelty, and constructive abandonment and desertion. As to the charge of adultery, Mrs. Keys testified that on February 26, 1964, she and two of her sons went to the home of Hazel Williams, a woman whom Mr. Keys had been visiting. While Mrs. Keys was approaching the front door, she stationed one of the boys in the rear of the house. After being told by a child who opened the door that appellee wasn't there, the appellant made known her intention to remain. She testified that her husband left the house by jumping from the back window of the second floor, but she and her son caught him. Mr. Keys testified that on the evening in question he arrived at Hazel Williams' house ten or fifteen minutes before his wife. His explanation for the unorthodox exit was that he was trying to avoid an argument with his wife. He further denied that he had ever committed adultery with Hazel Williams. Noting that other persons were present in the house that night and that no one described Mr. Keys as being anything else but fully clothed, the chancellor accepted Mr. Keys' testimony, stating that "I can't see that he's committed adultery."

To establish the grounds of cruelty, and constructive abandonment and desertion, the appellant stated that the appellee had struck her on at least two occasions during arguments and that she had moved out of their bedroom after one assault. Mr. Keys testified that any "assaults" by him upon his wife were always in self-defense. As to these alleged grounds for divorce, the chancellor found that the "forceful argument" and the separate sleeping quarters were partially brought about by Mrs. Keys. We are unable to find anything in the record which would support a holding by this Court that the findings of the chancellor were clearly erroneous. Rule 886 a; *Wood v. Wood*, 227 Md. 211, 176 A. 2d 229. Since the appellant failed to establish any basis upon which a decree of divorce could be granted, the lower court's determination that she was not entitled to alimony was correct.

The appellee, in his brief for the first time, states that he "hereby appeals from the orders charging him with payment of appellant's costs incident to this appeal and directing him to pay appellant's counsel for his services in this appeal." Since

252

the appellee filed no cross-appeal we will not consider this contention made here for the first time. Rules 811 a, 812 a. See *Pearlman v. State,* 226 Md. 350, 173 A. 2d 733.

For the reasons above stated the decree of the lower court will be affirmed.

*Decree affirmed. Costs to be paid by appellee.*