## WILLIAM SPENCE v. STATE OF MARYLAND

[No. 880, September Term, 1981.]

*Decided April 8, 1982.*

The cause was argued before THOMPSON, LOWE and BISHOP, JJ.

*Louis P. Willemin, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Maureen O'Ferrall Gardner, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Ara Crowe, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

William Spence was convicted in a non-jury trial in the Criminal Court of Baltimore of robbery, burglary, assault and theft. He was sentenced to 15 years for burglary, 10 years for the robbery, 10 years for the assault and 18 months for the theft, all concurrent. Appellant first complains that the evidence was insufficient to support the convictions for robbery and burglary. He does not on this basis contest the convictions for assault or theft.

## I Sufficiency of the Evidence

Dennis McCausland testified that he was at home with his family on June 14, 1980. At about 10:15 p.m. his son opened the door in response to a knock, despite his failure to understand the reply to the prior request for identification. Two strange men entered the apartment; one remained by the door while the other, the appellant, went into the living room. Appellant started walking around the apartment carrying a canvas bag in which he kept one hand. McCausland stated that he didn't follow him because he didn't know what was in the bag. While "wandering" around the apartment, the appellant picked up a hair dryer and an electric razor and put them in his bag. After appellant had completed his tour of the apartment, he returned to the living room where McCausland was sitting in a chair. McCausland's gun was in its holster on a stand beside him. As appellant stood near him, looking out the window, McCausland grabbed the gun. Appellant jumped on him, and they fell to the floor while wrestling over the gun. When a noise was heard from outside, McCausland let go of the gun and appellant jumped up and ran out the door with it. He left the bag and the other items in the apartment.

Officer Arthur Cook testified that he responded to a call from McCausland. He recovered the bag which contained a pair of ladies shoes and stockings, a prescription vial with the name "C. Spence," and some bills listed to an address in Baltimore. As Cook left the McCausland apartment, he received a call regarding a suspicious person knocking on

doors in the same apartment complex. Upon responding to that call, he observed appellant approximately three-fourths of a block from the McCausland residence. About one-half hour to one hour had elapsed since the instant offenses. Cook searched appellant when arresting him but recovered nothing. The gun was never recovered.

Appellant testified that he was drunk when he went to the McCausland's apartment. He stated that he had given $80 to a girl to buy him some drugs and she had disappeared. He was in the process of looking for her when he went to the apartment. Appellant stated that another young man had told him that he knew where the girl lived, and had helped appellant in his search. Appellant said he was carrying the bag, which belonged to his mother, because he did not want to leave it in the car. He denied picking up anything in the apartment. He explained that he was discussing his problem with the occupants when suddenly McCausland grabbed the gun and that he, the appellant, grabbed for it so as not to be shot. When he left the apartment, he threw the gun down the sewer. He then continued knocking on doors looking for the girl with his money.

Appellant contends there was no evidence of intimidation as required for robbery by *Douglas v. State,* 9 Md. App. 647, 267 A.2d 291 (1970). The victim testified that he was fearful because the appellant had his hand inside the bag and therefore had made no protest while appellant walked into the bedroom and picked up the electric razor and the hair dryer. All that the law requires is that the circumstances be of such a nature as to "excite reasonable apprehension of danger, and reasonably . . . cause the owner to surrender his property." *Giles v. State,* 8 Md. App. 721, 723, 261 A.2d 806 (1970). The circumstances at issue warranted such apprehension. Secondly, the appellant argues the robbery conviction was improper because he was convicted of taking only the hair dryer and the razor and that he left them in the apartment. The evidence was that he had possession and control of the property sufficiently long for an asportation which is all that is required. *Wiggins v. State,* 8 Md. App. 598, 604, 261 A.2d 503, *cert. denied,* 258 Md. 731 (1970).

Appellant argues that there was no showing that he broke into the apartment or that he had an intent to steal at the time he entered. The best evidence of his intention when he entered, is his actions once inside the apartment. Inasmuch as a robbery was committed, that is sufficient to support an inference that he intended to commit the robbery when he entered. *See* Clark and Marshall, *A Treatise on the Law of Crimes,* § 13.07 (7th ed. 1967). With respect to the breaking and entering, the court could, and obviously did, interpret the appellant's mumbling to gain entrance to the apartment as an artifice or fraud within the meaning of *Brooks v. State,* 277 Md. 155, 159-60, 353 A.2d 217 (1976). We agree.

## II Announcement of Verdict Prior to Argument

The appellant asserts that as the trial court rendered a tentative verdict without affording his counsel the opportunity to argue the facts, there was *ipso facto* error mandating reversal of all of his convictions. Only one case has been called to our attention which went so far. *People v. Dougherty,* 102 Cal. App.3d 270, 162 Cal. Rptr. 277 (1980).[1] Other cases where the accused was denied *any right* to final argument have quite properly been reversed. *See, e.g., Herring v. New York,* 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975); *United States v. Walls,* 443 F.2d 1220 (6th Cir. 1971); *United States ex rel. Wilcox v. Commonwealth of Pennsylvania,* 273 F.Supp. 923 (E.D. Pa. 1967); *People v. Diaz,* 1 Ill. App.3d 988, 275 N.E.2d 210-13 (1971); *Yopps v. State,* 228 Md. 204, 178 A.2d 879 (1962); *Baines v. State,* 37 Md. App. 505, 378 A.2d 177 (1977); *Commonwealth v. McNair,* 208 Pa. Super. 369, 222 A.2d 599 (1966). *See also,* Annot., Prejudicial Effect of Trial Court's Denial, or Equivalent, of Counsel's Right to Argue Case, 38 A.L.R.2d 1396 (1954). In *Covington v. State,* 282 Md. 540, 386 A.2d 336 (1978) and in *Covington v. State,* 34 Md. App. 454, 367 A.2d 974 (1977), the majority of the members of both the

---

1. In subsequent cases the California Courts have all but refused to apply the People v. Dougherty rule. *See, e.g.,* People v. Manning, 120 Cal. App. 3d 421, 174 Cal. Rptr. 625 (1981).

Court of Appeals and this Court indicated that in some circumstances the rendering of a verdict by a trial judge prior to his giving an opportunity for oral argument would not necessarily vitiate a conviction as the Court of Appeals so held in *Rome and Modo v. State,* 236 Md. 583, 204 A.2d 674 (1964).

With this brief background we now look at the instant case. At the close of the evidence, defense counsel renewed his motion for judgment of acquittal and informed the court that he would submit on the argument that he made on the earlier motion. The court continued the case until the next day and the judge said that he would review his notes and consider some of the legal questions raised by defense counsel. The following day, the court ruled on the motion for judgment of acquittal and then immediately announced his verdicts on each count of the indictments. Defense counsel immediately raised objection to his not having been afforded the right to argue. The court apologized and stated that he understood that on the previous day, defense counsel was submitting on the whole case. The court then struck the verdicts. Defense counsel requested a mistrial stating, "I don't know how I can now get you to change those verdicts." The court responded:

> "Mr. Friedman [defense counsel], I'm not a jury and I note that I can be persuaded by argument and that I'm — if I am persuaded, it wouldn't be the first time because I've ruled against a previously taken position that I've had on other occasions. I strike the verdicts and deny the motion for mistrial and I'll be glad to hear whatever you have to say, sir."

Defense counsel then delivered his closing argument. During closing argument the court questioned defense counsel, and following the argument specifically addressed points raised by defense counsel and explained his position with respect to those points. The court then concluded, "having considered your arguments, Mr. Friedman, I adopt by reference all of my previous comments and findings." The court then re-entered the verdicts of guilty.

It appears that the occurrence at issue was, at most, an inadvertent denial of the right to summation which did not result in prejudice to the accused in view of the trial court's subsequent consideration of appellant's counsel's argument.[2] *See People v. Cannon,* 18 Ill. App.3d 781, 310 N.E.2d 673 (1974). *Cf., State v. Rojewski,* 202 Neb. 34, 272 N.W.2d 920 (1979) (permitting argument after verdict may satisfy constitutional rights). The judge stated that he was willing to change his mind and the record shows that he listened attentively to argument, questioned counsel and directly addressed those questions which had not been addressed in his previous ruling. If there is ever a case which should be affirmed where there is argument after a verdict has been inadvertently announced, this is it. In other words, the instant case is more like *Rome & Modo v. State, supra,* than it is like *Yopps v. State, supra,* where the trial judge indicated that further argument was completely futile.

> *Judgments affirmed.*
> *Appellant to pay the costs.*

---

2. Defense counsel strenuously argued the merits of the instant case with reference to robbery, theft and burglary but with reference to the assault he stated as follows: "As far as assault, that's a closed question. I don't think he intended to assault him but if he did put him in fear by entering his house when he shouldn't have, then it would be an assault, whether he intended it or not, because intoxication, it's not a defense to an assault." And in conclusion he further stated: "As far as the assault, I say that's another story. I think that it's a closed question. I don't think he intended to assault anybody but the intoxication is not a defense. Thank you, Your Honor."

As to this conviction, the error, if any, would be harmless beyond a reasonable doubt. See, Dorsey v. State, 276 Md. 638, 350 A.2d 665 (1976) and Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).