# WILLIAM HARVEY JONES *v.* STATE OF MARYLAND

[No. 1780, September Term, 1982.]

*Decided October 10, 1983.*

The cause was submitted on briefs to GILBERT, C. J., and MOYLAN and LOWE, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Martha Weisheit, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Diane G. Goldsmith, Assistant Attorney General, Sandra A. O'Connor, State's Attorney for Baltimore County,* and *Barbara Lewis, Assistant State's Attorney for Baltimore County,* for appellee.

Lowe, J., delivered the opinion of the Court.

In *Spence v. State,* 51 Md. App. 359 (1982), we held that it was not an abuse of discretion for a judge to deny a mistrial after having inadvertently decided a case submitted on motion for judgment of acquittal at the conclusion of all evidence upon the misunderstanding that it was submitted generally and the misunderstanding was corrected by striking the (unrecorded) verdict in order to permit counsel to argue the case. Because the case was tried non-jury, we believed the trial judge's statement that he was open to persuasion despite his inclination from the evidence toward the defendant's guilt, recognizing (contrary to some beliefs) that judges, like other humans, have an opinion at every stage of a trial which is subject to change as the case progresses. Our reasoning was similar to *State v. Hutchinson,* 260 Md. 227, 233 (1970), wherein after reminding us that while we are only "flesh and blood", the Court of Appeals held that judges were by their nature and training a little better than an average layman at dispelling prejudicial conclusions and maintaining a fair flexibility in dispensing justice. In fact, in that case, the Court decided that despite having seen an inadmissible confession, a trial judge could decide the case fairly without regard to the confession.

> "This assumption of the court might be valid were we to first, not believe the trial judge's statement that he was disregarding and eliminating from his deliberations the substance of the inadmissible confession, and secondly, choose to ignore the professional expertise, experience, and judicial temperament with which our legal system has inherently invested a trial judge *vis a vis* a jury comprised of laymen. It is true that judges, being flesh and blood, are subject to the same emotions and human frailties as affect other members of the specie; however, by his legal training, traditional approach to problems, and the very state of the art of his profession, he must early learn to perceive,

distinguish and interpret the nuances of the law which are its 'warp and woof.'" *Id.* at 233.

We were told we were wrong. In *Spence v. State,* 296 Md. (1983), the Court of Appeals held that

". . . the trial court violated the defendant's constitutional right to the assistance of counsel when it rendered its verdict before counsel had presented closing argument and that striking the verdict and permitting argument thereafter did not cure the defect." *Id.* at 423.

The majority of the Court rejected sub silentio its prior language and holding in *Hutchinson, supra,* apparently disbelieving the trial judge's express statement that:

" 'I'm not a jury and I note that I can be persuaded by argument and that I'm — if I am persuaded, it wouldn't be the first time because I've ruled against a previously taken position that I've had on other occasions, I strike the verdicts and deny the motion for mistrial and I'll be glad to hear whatever you have to say, sir.' " *Spence v. State,* 51 Md. App. at 363.

Despite that assurance to Spence and his counsel, the Court of Appeals majority reasoned that

". . . if counsel must argue such a case after the verdict is announced, counsel will truly be 'whistling in the wind' ".

The Court then directed us to remand the case for a new trial, presumably reasoning that starting anew after setting judgment aside would provide a more cleansing judicial bath than simply arguing after setting judgement aside. Without expressly so stating, the Court seemed necessarily to "ignore the professional expertise, experience, and judicial temperament with which our legal system has inherently invested a trial judge *vis a vis* a jury comprised of laymen,"

which it previously relied upon in *Hutchinson, supra* at 233.

In the trial of William Harvey Jones before a judge in the Circuit Court for Baltimore County, who was also unaided by a jury, the "error" was more pronounced if not more manifest. It was made at the conclusion of the State's case after appellant moved for judgment of acquittal of storehouse breaking and four related counts with which appellant was charged. If what happened to Spence was "tantamount to shortening his day in court and den[ying] him a fair trial", it was doubly so for appellant Jones when the judge at this earlier juncture said:

> "Well, I don't think there is any doubt about the fact that he was there, and there is flight. Now, those two things, I mean, the man is there. Now, my problem is on this breaking and entry. I am going to have to find him not guilty of the first four, but guilty on the fifth."

Although appellant did not formally object, he immediately corrected the judge:

> "MR. GREENWALT [defense counsel]: Well, Your Honor —
>
> THE COURT: Clearly an attempt.
>
> MR. GREENWALT: Your Honor, may — the Defense has not presented its testimony yet.
>
> THE COURT: Oh.
>
> MR. GREENWALT: There was a motion."

Although the judge quickly acknowledged his oversight and promptly corrected his language,

> "I jumped the gun. I will deny the motion now.",[1]

he admonished counsel,

---

1. The judge explained upon inquiry that he granted the motion for judgment of acquittal on the first four counts but denied it on the fifth count of attempted storehouse breaking.

"you know where I am going anyway. Maybe you ought to quit while you are ahead."

Unsurprisingly appellant offered no further evidence; however, his counsel did argue rather persuasively that the evidence did not allow for sufficient inferences to cover all of the elements of the crime. The judge was not persuaded; but of course, unlike the judges in *Spence* and *Hutchinson,* he had offered no assurance nor held out hope that he would be so persuaded. He had expressed quite the contrary; and we note that he did not formally announce a striking of the earlier verdict as was done in *Spence.*[2]

In the light of the Court of Appeals' opinion in *Spence* (which is the only light in which we may view this case), appellant not only was denied his "constitutional right to the [effective] assistance of counsel", but also was deprived of his day in court. Absent that opinion, we may well have again erred by following our now reversed precedent, or worse (because of the facts in this case) may have declined, as we did in *Covington v. State,* 34 Md. App. 454, 465 (1977), even to address the complaint which is first objected to in this Court on appeal. The issue "does not plainly appear by the record to have been tried and decided by the lower court." (Md. Rule 1085).

In *Covington* we were affirmed by the Court of Appeals which distinguished it from *Yopps v. State,* 228 Md. 204 (1962) (relied on in *Spence* by the majority) by the prompt protest present in *Yopps* but absent in *Covington v. State,* 282 Md. 540 (1978). In *Covington,* the Court of Appeals pointed out that

". . . a formal exception to a ruling or order of the court is unnecessary, but it is incumbent upon a litigant to make known to the court *an objection* to the action of the court at the earliest practicable opportunity." *Id.* at 543 (emphasis added).

---

**2.** Had he done so, however, the Court of Appeals made it clear that, in the majority's judgment,

". . . the striking of the verdict can not restore the same stage, nor create the same atmosphere of fairness." *Id.* at 424.

Clearly in the case at bar counsel did not "make known . . . an objection"; he simply pointed out the semantic oversight which the judge immediately corrected, we assume to counsel's satisfaction. No motion for mistrial followed in any event, even belatedly as was the case in *Spence.*

But again it is *Spence* that precludes us from exercising Rule 1085 discretion not to decide the unpreserved issue.

The three judge minority dissenting through Chief Judge Murphy, after fully discussing the *Covington* failure-to-object-result, as well as the *Hutchinson* judicial competence presumption, pointed out in *Spence* that the majority had fashioned a *per se* rule.

> "Today, the Court prescribes an inflexible and absolute rule that, notwithstanding the lack of timely objection, where the trial judge in a non-jury case inadvertently renders a premature verdict, which is later stricken, he is thereafter incapable, in any and all circumstances, of fairly considering closing argument." *Id.* at 438.

When the Chief Judge joined by two distinguished members of that seven judge Court offer that as their interpretation of the holding, we can only assume that had the majority intended a less rigid rule, it would have clearly so stated. We will, therefore, reverse the judgment in this case in accord with that view.

Because we found sufficient evidence to have supported the conviction, however, we will remand for retrial. *Burks v. United States,* 437 U.S. 1 (1978); *Mackall v. State,* 283 Md. 100, 113 (1978). We see no purpose in addressing the other issues except briefly to say:

> 1. there was no suppression of exulpatory evidence, but even had there been the issue is moot upon reversal;
> 2. that the trial judge referred to flight as an "element" of the offense rather than as inferential indicia of guilt is a semantic oversight which we will

assume was known by the judge. The Court of Appeals views judges as men "of discernment, learned and experienced in the law," *State v. Babb,* 258 Md. 547, 550 (1970);

3. the judge, however, should keep in mind that the sentence of three years which he imposed for attempted storehouse breaking exceeds the six month maximum for storehouse breaking set forth in Md. Ann. Code, Art. 27, § 31B. That is not permissible, Art. 27, § 644A. The sentence was illegal as acknowledged by the State.

> *Judgment reversed.*
> *Case remanded for retrial.*
> *Costs to be paid by Baltimore County.*