489 A.2d 1138

**Mary Eloise CHERRY**

**v.**

**STATE of Maryland.**

**No. 565, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

April 4, 1985.

when the condemnation was abandoned were specifically and unam-biguously made part of the costs.

426

Mark Colvin, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on the brief), for appellant.

Diane G. Goldsmith, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, Sandra A. O'Connor, State's Atty., Towson, for Baltimore County and Barbara Lewis, Asst. State's Atty., Towson, for Baltimore County on the brief), for appellee.

Submitted before WEANT, GARRITY and ROBERT M. BELL, JJ.

GARRITY, Judge.

This matter involves our review of a case wherein the trial court, without objection, proceeded to announce its verdict immediately after denying defense's motion for judgment of acquittal. The appellant contends that the trial court committed prejudicial error *per se* in finding her guilty without first affording defense counsel an opportunity to make a closing argument on her behalf.

The appellant, Mary E. Cherry, was convicted by the Circuit Court for Baltimore County (Raine, J.) of theft of goods having a value of less than $300. The trial had proceeded by way of a Statement of Facts.[1] Evidence established that the appellant had been observed entering the Miller Brothers Store in Baltimore County, removing a two-piece dress valued at eighty-eight dollars from a display rack, and concealing that dress in a shopping bag. The appellant was apprehended as she attempted to leave the store with the stolen goods.

The record reflects the following colloquy between the court and defense counsel after the prosecution presented the Statement of Facts:

MR. DAVIES: No additions, corrections, or modifications, Your Honor.

For the record, move for a judgment of acquittal.

THE COURT: Overruled.

The verdict is guilty. Tell me about her.

MR. DAVIES: Your Honor, this young lady is now twenty-nine years old and the Court may be aware she may have appeared before this Court in the past, but she does have a history of shoplifting as well as a history of heroin addiction. She has been accepted into Addict Referral Counseling Center on West Twenty-fifth Street,

---

1. Technically, although there was no dispute as to the State's version, the Statement of Facts was not presented in an "agreed" form. (See discussion of "Agreed Statement of Facts" by former Chief Judge Orth in *Barnes v. State*, 31 Md.App. 25, 354 A.2d 499 (1976).)

Baltimore, and I have some correspondence that I would like to proffer to the Court....

Upon discovering that the appellant was known by twelve aliases and had an extensive history of shoplifting convictions, the trial judge imposed the maximum period of confinement, eighteen months.

■ The appellant argues that by virtue of this Court's interpretation in *Jones v. State,* 55 Md.App. 695, 466 A.2d 55 (1983) of *Spence v. State,* 296 Md. 416, 463 A.2d 808 (1983), the trial judge committed prejudicial error *per se.* Such error, the appellant avers, requires reversal, even in the absence of an objection, a motion for mistrial, or some other timely indication that defense counsel wished to make a closing argument. The State argues that because no objection was made, under the holding in *Covington v. State,* 282 Md. 540, 386 A.2d 336 (1978), the issue has not been preserved for our review. We believe that the holding in *Spence* does not apply to the situation at bar, and that the issue has not been preserved. We think that *Jones* incorrectly interpreted *Spence* and must be overruled.

In *Spence v. State, supra,* evidence was presented in a non-jury trial which showed that Spence, after gaining entry into an apartment under pretext, commenced to walk around and pick up items while ignoring requests to leave. Eventually, he wrestled a handgun away from the tenant and fled the scene. Spence testified that he had been drunk on the evening in question, that he had given $80 to a lady to buy drugs, and that he had been looking for her when he went into the apartment in question. Spence denied picking up anything in the apartment and explained that he had been forced to grab the tenant (who in fact eventually managed to train a gun on Spence) to avoid being shot.

At the conclusion of the State's case, Spence moved for a judgment of acquittal and argued his motion, which was denied. At the conclusion of all the evidence, he renewed his motion and submitted without further argument. The lower court recessed for the day prior to ruling on the

motion, which it denied the next day in an oral opinion. After denying the motion, the lower court continued without pause in announcing the verdict convicting Spence of robbery, burglary, assault and theft. When Spence's counsel objected to his lack of opportunity for summation prior to the verdicts, the trial judge struck the verdicts and then directed defense counsel to argue the case if he so desired. Defense counsel moved for a mistrial asserting that argument would be a waste of time. Upon the court's denial of the mistrial motion, defense counsel presented closing argument. At the close of argument, the trial court stated that it had considered counsel's arguments but would adopt by reference all of its previous comments and findings.

Writing on behalf of the Court in *Spence*, Judge Cole observed:

It is well-settled in this State that the opportunity for summation by defense counsel prior to verdict in a nonjury trial as well as in a jury trial is a basic constitutional right guaranteed by Article 21 of the Maryland Declaration of Rights and the Sixth Amendment to the United States Constitution as applied to the States by the Fourteenth Amendment. We recognized the right in *Yopps v. State*, 228 Md. 204, 178 A.2d 879 (1962). In that case the trial judge had entered the verdict at the close of the defendant's case. Defense counsel brought to the court's attention that argument had not been permitted. The trial judge indicated that argument would not change his mind. This Court in reversing the conviction noted that 'the same constitutional guaranty applicable to a trial by jury [right of a defendant to have counsel make a proper argument] applies with equal force to a trial before a judge sitting without a jury.' *Id.* at 208, [178 A.2d 879]. The Court also stated that

the Constitutional right of a defendant to be heard through counsel necessarily includes his right to have his counsel make a proper argument on the evidence and the applicable law in his favor, however simple, clear, unimpeached, and conclusive the evidence may

seem, unless he has waived his right to such argument, or unless the argument is not within the issues in the case, and the trial court has no discretion to deny accused such right. [*Id.* at 207, 178 A.2d 879 (citations omitted).] *Id.* 296 Md. at 419, 463 A.2d 808.

The Court held in *Spence* that:

... [t]he trial court violated the defendant's constitutional right to the assistance of counsel when it rendered its verdict before counsel had presented closing argument and that striking the verdict and permitting argument thereafter did not cure the defect. Counsel was effectively foreclosed from arguing to the factfinder whether the defendant entered the apartment with the intent to burgle, to rob or to steal prior to the judge announcing his decision. *Id.* at 423, 463 A.2d 808.

In *Jones v. State, supra,* the appellant, who had been accused of storehouse breaking, moved for a judgment of acquittal at the conclusion of the State's case. Rather than merely deny the motion, however, the trial judge found Jones guilty and proceeded to pass sentence. When counsel pointed out that the defense had not yet presented its testimony, the judge quickly acknowledged his oversight and attempted to remedy the situation.

I jumped the gun. I will deny the motion now. You know where I am going anyway. Maybe you ought to quit while you are ahead.

Although Jones offered no additional evidence, defense counsel mounted an argument as to sufficiency. The judge, true to his previously-announced advice, was not persuaded. Reviewing *Spence*, we adopted the interpretation of that opinion espoused by the three-judge dissent:

Today, the Court prescribes an inflexible and absolute rule that, *notwithstanding the lack of timely objection,* where the trial judge in a non-jury case inadvertently renders a premature verdict, which is later stricken, he is thereafter incapable, in any and all circumstances, of fairly considering closing argument. (Emphasis added).

55 Md.App. at 700, 466 A.2d 55, quoting 296 Md. at 438, 463 A.2d 808.

We now conclude that this was an overbroad reading of *Spence. Spence* did not establish a *per se* rule requiring reversal when a court, absent defense objection, announces its decision as to guilt without allowing the defense an opportunity to argue. In *Spence,* there was an objection and the *Spence* opinion should be read in light of that fact. This is so because on occasion defense counsel, as a matter of trial tactics, may elect not to argue and thus to interpose no objection when the court announces a pre-argument decision. In other words, when no objection is made, the lack of defense argument is not necessarily a denial of the right to assistance of counsel; it may, rather, represent counsel's considered and reasonable decision to waive argument.

The practice of criminal law is complex. Effective assistance of counsel in a criminal case requires more than a mere knowledge of the law. It requires an attorney to apply knowledge of the law to the circumstances of each case. From this application, the attorney develops a theory of defense and a practical strategy to bring about the intended result. When striving to achieve key objectives, the most effective course of action may indeed be to forego noting an objection to trial court error when such correction would be detrimental to the overall strategy. For example, in *Bashor v. Risley,* 730 F.2d 1228, 1241 (9th Cir.1984), even though the trial court had earlier granted Bashor's motion *in limine* ruling certain prior threats to be inadmissible, defense counsel failed to object to such testimony at trial. The Ninth Circuit Court of Appeals recognized that trial counsel's failure to object could have been a tactical decision to convey the appearance that the defense had nothing to hide.

The Court of Appeals recognized the existence of such considerations in *Covington v. State, supra.* There, after considering an agreed statement of facts, the trial court

immediately found the defendant guilty of the charge and invited counsel and Covington to make any comments they desired before it imposed sentence. No objection was made. The Court of Appeals granted a petition for certiorari to consider Covington's allegation that the trial judge erred in finding him guilty "without first affording him the right to present closing argument." In affirming this court's decision in *Covington v. State*, 34 Md.App. 454, 367 A.2d 974 (1977), that the appellant had failed to preserve his contention for appellate review, the Court of Appeals held that Covington's proper course was to pursue a remedy under the Uniform Post Conviction Procedure Act. Writing on behalf of the Court, Judge Smith explained:

> We are unable to read the mind of his trial counsel so as to determine why he did not raise the issue below. There is nothing in this record to indicate that he was in any way prevented from raising the issue at trial in the same manner in which the question was raised in *Yopps*. At a hearing under the Post Conviction Procedure Act, evidentiary issues may be fully explored. Such exploration would develop whether trial counsel fully understood what was being done and was satisfied with it. It would be determined, for instance, whether he had advised the trial judge that although he wished to be heard on the sentence to be imposed he did not wish to argue the issue of guilt or innocence. It likewise would be determined whether as a part of the plea bargain the defense conceded the sufficiency of the evidence and desired only to be heard on the sentence. After such full development of the facts surrounding this incident, an appellate court will not be placed in the position of speculating as to whether the complaint might be appellate afterthought. The Court will have before it a full record upon which to determine whether the right of closing argument on the facts was denied to Covington, whether he knowingly waived such argument, or whether such argument was waived as a matter of trial tactics....

The language we have quoted from *Covington* is perfectly consistent with the holding in *Spence,* in which the Court of Appeals held that in a premature verdict situation a mistrial must be granted when requested. The Court did not mandate a mistrial or a reversal when argument is waived as a matter of trial tactics, and no objection to the premature verdict is entered. We now hold that our *per se* rule language in *Jones* was erroneous. We overrule it.[2]

So far as the present case is concerned, *Spence* is not controlling because there there was an appropriate objection; here there was none. *Covington,* on the other hand, is dispositive. On the basis of that case, we hold that Cherry has not preserved the premature verdict issue for our review.

We, therefore, conclude that when a trial judge announces his verdict without first affording the defense an opportunity to present closing argument, the defense is presented with at least three alternatives:

First, counsel may object and request a mistrial. Under the holding in *Spence v. State, supra,* the trial judge has no alternative but to grant the mistrial.

Second, counsel may take no action and simply permit the trial to proceed. When no objection is noted to a premature verdict announcement, the right to present closing argument is waived and no basis exists for an appellate court to order that a mistrial should have been granted. *Covington v. State, supra.* The question of whether counsel's decision to refrain from objecting was reasonable under all of the circumstances may still be litigated by post conviction proceedings.[3]

---

**2.** In *Lee v. State,* 56 Md.App. 613, 468 A.2d 656 we extended the *per se* rule announced in *Jones* to civil contempt proceedings. We overrule that portion of the opinion inconsistent with our holding herein regarding discussion of *per se* application.

**3.** See test of effective assistance of counsel explicated in *Strickland v. Washington,* 466 U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Lloyd,* 48 Md.App. 535, 540, 429 A.2d 244 (1981).

Third, counsel may elect to object to the court's premature verdict and ask that the verdict be stricken and the trial proceed with closing argument. In choosing this alternative, counsel is given the opportunity to present a closing argument without being required to request a mistrial.[4]

Since, as we have noted, the issue of premature verdict announcement is not before us for review, we shall affirm.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.

ROBERT M. BELL, Judge, concurring.

I concur. No objection was interposed to the premature verdict and, therefore, the issue has not been preserved for appellate review. *Spence v. State*, 296 Md. 416, 463 A.2d 808 (1983) did not prescribe an absolute rule requiring reversal where the trial judge in a non-jury trial renders a premature verdict. Consequently, our interpretation in *Jones v. State*, 55 Md.App. 695, 466 A.2d 55 (1983) went too far.

Although I concur, I am concerned that the alternatives we set out, not being necessary to the decision we announce today, will be read as being exclusive. In my experience, there is a tendency to view the examples as exclusive. As such, the danger exists that this decision will be read as not admitting of the possibility that other equally viable alternatives, which we do not and, indeed, could not anticipate, may exist or may be presented in the future. Thus, I would caution and emphasize that we do not today prescribe exclusive alternatives, only examples of possible alternatives.

---

4. For example, an experienced lawyer can often gauge how the defense is proceeding. In a particular case, he or she may have reason to believe that the outcome, if the case were immediately concluded, would be more favorable than if the case were aborted and a re-trial granted.