498 A.2d 673

**Denise Lillian PARRISH**

v.

**STATE of Maryland.**

**No. 143, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Oct. 8, 1985.

Mark Colvin, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Jillyn K. Schulze, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, Sandra A. O'Connor, State's Atty. and Thomas Moore, Asst. State's Atty. for Baltimore County, Towson, on brief), for appellee.

Submitted before MOYLAN, GARRITY, and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

On May 4, 1984, Denise Lillian Parrish,[1] the appellant was convicted in a non-jury trial in the Circuit Court for Baltimore County (Hinkel, J.), of theft of goods valued over $300.00. At the conclusion of the trial she was committed to the custody of the Division of Correction for three years. Pursuant to a motion for post conviction relief, a hearing was held on January 3, 1985. She was granted the right to file a belated appeal on March 12, 1985. On appeal she contends that the court erred:

1. in finding her guilty without first affording her the opportunity to make a closing statement; and;
2. in refusing to admit the statement given to the police by her alleged accomplice.

The record before us shows that at about 6:45 p.m. on January 19, 1984, appellant and a male companion entered a clothing store and removed clothing, which they placed in a bag. They were observed by the assistant manager and by an off-duty security guard. Subsequently, they were arrested.

## I. Opportunity to Make Closing Argument

Appellant contends that the court erred in finding her guilty without first affording her the opportunity to make a closing argument.

Appellant renewed her motion for judgment of acquittal, arguing that the State did not present evidence of the value of the property. The prosecutor then responded, which prompted the court to ask the court stenographer to read back the pertinent testimony. Having determined that the value of the property had been proven, the court allowed the prosecutor to finish his statement. The court then

---

1. Although appellant is charged under the name, Denise Lillian Parrish, she signed her bail bond, Lillian D. Parrish.

denied appellant's motion for judgment of acquittal and declared her guilty. Appellant neither objected, nor protested; rather, her counsel requested, and was granted, the right to speak in mitigation.

■ In *Cherry v. State*, 62 Md.App. 425, 489 A.2d 1138 (1985), this court held that when a trial judge announces his verdict without first affording the defense an opportunity to present closing argument, in the absence of an objection, the right to present closing argument is waived. In the case *sub judice*, the premature verdict issue has not been preserved for review. *Covington v. State*, 282 Md. 540, 386 A.2d 336 (1978).

## II. Admissibility of Statement by Alleged Accomplice

The appellant sought to introduce a statement given to the police by her male companion. Without having seen the statement, the court sustained the prosecutor's objection and refused to admit the statement because it was hearsay. Appellant now contends that it was error for the court to refuse to admit the statement.

Although the statement was not signed, contained no acknowledgment from the declarant, and no evidence was proffered as to its accuracy, appellant asserts that the statement "is plainly a declaration against [her male companion's] penal interest." She argues, therefore, that the statement should have been admitted unless shown to be untrustworthy, frivolous, or collusive. *Dyson v. State*, 238 Md. 398, 209 A.2d 609 (1965); *Agnew v. State*, 51 Md.App. 614, 446 A.2d 425 (1982); *Harris v. State*, 40 Md.App. 58, 387 A.2d 1152 (1978).

■ The issue of the admissibility of appellant's male companion's statement as a declaration against his penal interest has not been preserved for appellate review. The trial transcript reflects the following regarding the subject statement:

MR. LONGO: I would like to present at this time an investigation report which has Mr. Preister's statement on it. I would like to submit this.

THE COURT: As evidence in the case?

MR. LONGO: Yes. The State should have received a copy of this prior to trial.

MR. MOORE: I don't even know who this is from. It's not signed. Who authored it?

MR. LONGO: It should have been in your file from the Preister case.

MR. MOORE: It's obviously hearsay. I was going let him do the best he could. I object.

THE COURT: Sustained.

Following this colloquy, appellant's counsel proceeded to argue another, unrelated point. He did not request that the statement be marked for identification as a defense exhibit, thus making it a part of the record;[2] nor did he proffer its contents or even state the reasons he concluded it was admissible. The statement not being a part of the record and no proffer as to its contents having been made, there is nothing for this Court to review. *Keys v. Keys,* 251 Md. 247, 247 A.2d 282 (1968); *Hartsock v. Strong,* 21 Md.App. 110, 318 A.2d 237 (1974). *See also Burke v. Burke,* 204 Md. 637, 106 A.2d 59 (1954). Moreover, this issue is being raised for the first time on appeal; it was never presented to the trial court for decision and, in fact, the trial judge never decided it. We have consistently declined to "decide any point or question which does not plainly appear by the

---

**2.** Appellant concedes that the statement "was not formally placed in the record." The State, likewise, recognizes that it is not a part of this record although it did not move to strike it since "its inclusion is harmless to Appellee's position." We do agree with the State that a consideration of the merits of the issue would be "harmless" to its position.

The statement sought to be introduced into evidence appears to be an attempt by its author to exculpate himself by declaring that he had "changed his mind and was returning the suits." The statement, thus, simply does not, as appellant would have it do, provide evidence that her male companion, and not she, was the thief.

record to have been tried or decided by the lower court." Maryland Rule 1085. *See, Braxton v. State,* 57 Md.App. 539, 549, 470 A.2d 1327 (1984). We perceive no basis for treating this case any differently. The parties' agreement, or, as in this case, the opposing party's acquiescence, does not provide a basis for our considering and deciding an issue not otherwise properly before us. *See, Brodak v. Brodak,* 294 Md. 10, 447 A.2d 847 (1982); *Stewart v. State,* 287 Md. 524, 413 A.2d 1337 (1980); *Ratcliffe v. Clarke's Red Barn,* 64 Md.App. 293, 494 A.2d 983 (1985); *Zorich v. Zorich,* 63 Md.App. 710, 493 A.2d 1096 (1985); *Russell v. Russell,* 50 Md.App. 185, 436 A.2d 524 (1981).

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.