# YOPPS *v.* STATE

[No. 212, September Term, 1961.]

*Decided March 23, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and MARBURY, JJ.

*Norman N. Yankellow,* with whom was *Joseph Rosenthal* on the brief, for the appellant.

*John J. Schuchman, Special Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Joseph D. Buscher, Special Assistant Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *Charles E. Moylan, Jr., Assistant State's Attorney,* on the brief, for the appellee.

MARBURY, J., delivered the opinion of the Court.

The appellant, Arnold Yopps, was indicted for burglary. He entered a plea of not guilty and was tried before the court without a jury, Judge Joseph L. Carter presiding. He was found guilty and sentenced to serve ten years in the Maryland Penitentiary.

On this appeal from the judgment and sentence he presents the sole question, did the trial court commit prejudicial error

in failing to permit counsel to state his arguments on behalf of the defendant.

The appellant testified in his own behalf and admitted being in the vicinity of the property burglarized, but denied any complicity in the crime. At the close of all of the testimony the following colloquy occurred:

"Mr. Rosenthal (Defense counsel): Step down.
The Court: Anything else?
Mr. Rosenthal: That is our case, your Honor.
The Court: Any rebuttal?
Mr. Moylan (Assistant State's Attorney): No, your Honor.
The Court: The verdict is guilty.

\* \* \*

Mr. Rosenthal: You didn't even ask me for argument in this case to point out the fact that these, that whoever saw these people there never saw them carrying anything back and forth.
The Court: It is a question of balancing the testimony of what I heard from these witnesses as against his, who I believe, and perfectly obvious who I must believe under the circumstances.
Mr. Rosenthal: You are not giving the benefit of the doubt.
The Court: Wouldn't change my mind about it.
Mr. Rosenthal: You must have corpus delicti of some kind and the explanation is reasonable.
The Court: I don't think it is, Mr. Rosenthal. Maybe they will disagree with me upstairs and you have a right to go up there.
Mr. Rosenthal: All right, sir \* \* \*."

The appellant contends that this action by the trial court had the effect of refusing to allow counsel to present argument and constituted a denial of his right to the assistance of counsel as provided in the Sixth Amendment to the Constitution of the United States, and preserved by Article 21 of the Declaration of Rights of Maryland.

The Constitutional right of a defendant to be heard through counsel necessarily includes his right to have his counsel make a proper argument on the evidence and the applicable law in his favor, however simple, clear, unimpeached, and conclusive the evidence may seem, unless he has waived his right to such argument, or unless the argument is not within the issues in the case, and the trial court has no discretion to deny accused such right. 23A C.J.S., *Criminal Law*, § 1082; *Aladdin Oil Burner Corp. v. Morton* (N. J.), 187 Atl. 350. Of course this does not preclude the trial court from checking argument foreign to the issues of the case and to prevent needless repetition when it is manifest that the discussion is complete. The Court may in its discretion limit the time to be consumed by counsel in argument, and the only restriction is that reasonable time for argument must be allowed counsel. What constitutes reasonable time depends on the circumstances of each case and is within the trial court's discretion. This discretion is not ordinarily subject to review by an appellate court unless the time allowed is plainly arbitrary and amounts to an abuse of discretion. *Comi v. State*, 202 Md. 472, 97 A. 2d 129; 3 Am. Jur., *Appeal and Error*, § 973; 53 Am. Jur., *Trial*, § 461; cf. *Shedlock v. Marshall*, 186 Md. 218, 225, 46 A. 2d 349.

The question presented here has not previously been presented for our consideration. However, in the case of *Comi v. State, supra,* the contention of the defendant that the trial court's limitation on argument was so unreasonable as to amount to a denial of due process was not sustained, but this Court at page 481 noted that "the need for expedition can never justify a denial of a reasonable opportunity to present the defendant's case * * *."

In Thompson, *Trials* (2d ed.) § 921, it is said:

" In *criminal cases* the right of accused persons to be defended by counsel is a right of a very high nature, which is guaranteed by the constitution of the United States and by the constitutions of most of the States. Under these constitutional guaranties, it is the unquestioned right of every person tried upon a

charge of crime to be heard by the court and jury, upon the whole case, through the lips of counsel learned in the law. 'If,' said Scott, J., 'there be any point involved in the issue before the jury, on which their minds may be enlightened or their consciences satisfied by argument, the accused has an undoubted right to all the advantage that may be derived from that source, and this right would be utterly destroyed if it were allowed to the court to prohibit argument merely because, *in its opinion,* the evidence is so clear that argument cannot vary it. Neither is this the only case in which an argument before the jury might be of importance to the accused, however direct and un- contradicted the evidence against him might be.' "

It is clear to us that the same constitutional guaranty ap- plicable to a trial by a jury applies with equal force to a trial before a judge sitting without a jury.

The State relies heavily on the case of *People v. Don Car- los* (Cal.), 117 P. 2d 748. However, that case is distinguish- able on the facts from the one at bar. In *Don Carlos* the rec- ord indicated that counsel for the accused had commenced his argument by stating that the evidence failed to sustain the charge. Here, no opportunity was afforded counsel to even be- gin an argument before the judge's verdict of guilty. More- over, the colloquy that ensued between counsel for the ac- cused and the court in the *Don Carlos* case was found by the appellate court to have dissuaded, not prevented, counsel from making further argument. Here, the contrary is indicated.

The ruling of the trial court was manifestly prejudicial to the right of the accused to be represented by counsel through- out the entire trial and amounted to a denial of his rights un- der Article 21 of the Declaration of Rights of this State. While time is important to the court it is also important to the ac- cused, whose life or liberty hangs in the balance. Through his counsel, no matter how convincing the evidence may appear to be, the accused has the right to subject all the facts and evidence produced at the trial to a logical analysis.

For the reasons stated above the judgment will be reversed and the case remanded for a new trial.

> *Judgment reversed and case remanded for a new trial; costs to be paid by the Mayor and City Council of Baltimore City.*