PORTER *v.* STATE

[No. 173, September Term, 1962.]

*Decided February 5, 1963.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*Charles Cahn II* for appellant.

*Robert F. Sweeney, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney,* and *James W. Murphy, Assistant State's Attorney,* on the brief, for appellee.

Per Curiam.

The appellant and one Hudson were tried for burglary in the Criminal Court of Baltimore, sitting without a jury. They were convicted and each was sentenced to four years in the Maryland House of Correction. This appeal by Porter alleges that evidence presented in the trial should have been excluded, since it was the product of an illegal search and seizure.

At approximately 5:00 A.M., December 30, 1961, police entered the Baltimore apartment of one Herbert Fish, after knocking on the door and being admitted by Fish, and then proceeded to enter the adjoining apartment occupied by appellant and John Crevensten, through a connecting door. They burst through the door, woke appellant, and then carried out a search of the one room apartment. The police did not have a search warrant. The search turned up several items that had been reported stolen from the apartment of Louis Price on December 25, 1961. On that date, a restaurant owned by Price had been broken into, money taken, and access to his upstairs living quarters had been gained through the restaurant. A radio taken from Mr. Price was found in Fish's apartment, and Fish testified that appellant had given him the radio as a Christmas present. Appellant denied that he had stolen any of the articles. Fish and Crevensten testified that appellant and another person had brought the articles into the apartment in the early morning of December 25, 1961. No objection to the introduction in evidence of the stolen articles was made at the trial until the conclusion of the State's case. At that time counsel for appellant moved that evidence pertaining to the recovery of those articles be stricken, because there was no showing on the part of the State that there was a valid search and seizure. This motion, being the equivalent of a motion for judgment of acquittal under Maryland Rule 755, then in effect, being denied, at the conclusion of the entire case, the motion was renewed on the grounds of illegal search and seizure, which was also denied.

The now famous case of *Mapp v. Ohio,* 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, which held that evidence obtained in an illegal search and seizure may no longer be used in a state prosecution, also recognized that state procedural requirements to raise or preserve the question may still be

respected in the case of an alleged violation of the Fourteenth Amendment. *Shorey v. State,* 227 Md. 385, 389, 177 A. 2d 245. Appellant contended that his belated motion to strike should suffice as a timely motion. However, this Court has held that a party waives his right by not objecting to the evidence at the time it was offered. Rule 522 d 2; *Martin v. State,* 203 Md. 66, 72, 98 A. 2d 8; *Dick v. State,* 107 Md. 11, 68 Atl. 286. See also *Banks v. State,* 228 Md. 130, 132, 179 A. 2d 126. Therefore, we hold that since there was no objection to the introduction of the items in evidence at the time they were proffered, but only at the conclusion of the State's case and at the conclusion of the whole case, appellant has knowingly waived his right to question their admissibility on this appeal.

*Judgment affirmed.*