506 A.2d 228

**Mary Eloise CHERRY**

v.

**STATE of Maryland.**

**Ronald JACKSON**

v.

**STATE of Maryland.**

**Nos. 87, 121, Sept. Term, 1985.**

Court of Appeals of Maryland.

March 27, 1986.

632

Nancy S. Forster, Asst. Public Defender (Alan H. Murrell, Public Defender, José F. Anderson and David R. Durfee, Jr., Asst. Public Defenders, on brief), Baltimore, for appellant Cherry.

José F. Anderson, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant Jackson.

Valerie W. Loftin, Asst. Atty. Gen., and Stephen H. Sachs, Atty. Gen., on brief, Baltimore, for appellee.

Argued before SMITH, Senior Judge, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals of Maryland (retired), Specially Assigned.

CHARLES E. ORTH, Jr., Associate Judge, Specially Assigned (Retired).

The two cases before us, *Mary Eloise Cherry v. State,* No. 87, September Term, 1985, and *Ronald Jackson v. State,* No. 121, September Term, 1985, concern the constitutional right of a defendant in a criminal cause to the assistance of counsel. In particular, each case involves the interplay between the organic right of a defendant to be heard through his counsel as to the sufficiency of the evidence and the applicable law before a verdict is rendered, on the one hand, and the procedural requirements established to have a judgment of conviction and sentence reviewed on appeal, on the other hand. Inasmuch as the cases shared this common issue, we ordered that they be argued the same day, and we shall decide them both in this opinion.

## The Right to Counsel

■ A defendant in a criminal cause in the courts of this State is guaranteed the right to the assistance of counsel by both the Bill of Rights of the Constitution of the United

States and the Declaration of Rights of the Constitution of Maryland.[1]

The Constitutional right of a defendant to be heard through counsel necessarily includes his right to have his counsel make a proper argument on the evidence and the applicable law in his favor, however simple, clear, unimpeached, and conclusive the evidence may seem, unless he has waived his right to such argument, or unless the argument is not within the issues in the case, and the trial court has no discretion to deny accused such right. *Yopps v. State*, 228 Md. 204, 207, 178 A.2d 879 (1962). "Through his counsel, no matter how convincing the evidence may appear to be, the accused has the right to subject all the facts and evidence produced at the trial to a logical analysis." 228 Md. at 208, 178 A.2d 879. A defendant's constitutional right to have his cause argued before a verdict is rendered applies equally to a jury trial and a bench trial. *Id.*

### The Procedural Requirements for Appellate Review

For purposes of review by the trial court or on appeal of any ... ruling or order [other than objections to evidence], it is sufficient that a party, at the time the ruling or order is made or sought, makes known to the court the action that the party desires the court to take or the objection to the action of the court. The grounds for the objection need not be stated unless these rules expressly provide otherwise or the court so directs. If a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection at that

---

**1.** "In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." Amendment VI, Constitution of the United States, applicable to the states through Amendment XIV.

"[T]he People of the State of Maryland ... declare: That in all criminal prosecutions, every man hath a right ... to be allowed counsel...." Article 21, Maryland Declaration of Rights.

time does not constitute a waiver of the objection. Maryland Rule 4–322(c).[2]

"This Court will not ordinarily decide any point or question which does not plainly appear by the record to have been tried and decided by the circuit court." Maryland Rule 885.

### Judicial Decisions
### Yopps v. State, 228 Md. 204, 178 A.2d 879 (1962)

Arnold Yopps was found guilty at a court trial and sentenced to imprisonment. The verdict was rendered without affording defense counsel the opportunity to make closing argument and there was prompt protest. Defense counsel said to the trial judge: "You didn't even ask me for argument in this case...." The judge's response was, "Wouldn't change my mind about it." 228 Md. at 206. We reversed and remanded for a new trial. We observed that the action of the trial court

> was manifestly prejudicial to the right of the accused to be represented by counsel throughout the entire trial and amounted to a denial of his rights under Article 21 of the Declaration of Rights of this State. *Id.* at 208, 178 A.2d 879.

*Yopps* was cited and quoted with approval in *Herring v. New York*, 422 U.S. 853, 859–860, 95 S.Ct. 2550, 2554, 45 L.Ed.2d 593 (1975).

### Covington v. State, 282 Md. 540, 386 A.2d 336 (1978)

Quenzill Covington went to trial upon a plea of not guilty. The case was tried before the court sitting without a jury on an agreed statement of the State's evidence. The statement was the product of plea negotiations. Covington

---

**2.** Maryland Rule 4–322(c) became effective on 1 July 1984 and, by Order of the Court of Appeals of 6 April 1984 applied "to all actions commenced on or after July 1, 1984, and insofar as practicable, to all actions then pending." The actions before us commenced before 1 July 1984 but were then pending. It is practicable to apply Rule 4–322(c) because it made no substantive change in former Rule 522, applicable to criminal causes by former Rule 761, which were replaced by Rule 4–322.

declared that he had no additions or corrections to add to the statement. It was, therefore, incumbent upon the trial judge to determine whether the facts set out in the statement were legally sufficient to convict Covington of the crimes charges. Immediately upon Covington's assurance that he had no addition to the statement of facts presented by the State the judge said:

All right. Based upon the facts given me by the State, I find that they are sufficient to find the defendant guilty beyond a reasonable doubt of the [charge of distribution of heroin]. And, accordingly, I do find him guilty of the charge. 282 Md. at 543, 386 A.2d 336.

"The trial judge then invited counsel and Covington to make any comments they desired before imposition of sentence. No objection was made." *Id.* Covington was sentenced to a term of imprisonment. The Court of Special Appeals affirmed the judgment on direct appeal. *Covington v. State,* 34 Md.App. 454, 367 A.2d 974 (1977). We granted Covington's petition for certiorari to consider the question whether "the trial judge erred in finding him guilty 'without first affording him the right to present closing argument.'" 282 Md. at 543, 386 A.2d 336.

A majority of the Court affirmed the judgment of the Court of Special Appeals. The Court called attention to what is now Maryland Rule 4–322(c) by which "a litigant [must] make known to the court an objection to the action of the court at the earliest practicable opportunity." *Id.* at 543, 386 A.2d 336 (brackets in original). And it observed that under Rule 885 the Court did "not ordinarily decide any point or question which does not plainly appear by the record to have been tried and decided by the [trial] court...." *Id.* at 544, 386 A.2d 336. It noted that no protest was made to the failure of the trial judge to permit argument on Covington's behalf. *Id.* It found nothing in the record to indicate that counsel was in any way prevented from raising the issue at trial in the same manner in which the question was raised in *Yopps v. State, supra.* In the absence of objection by Covington or his counsel, how-

ever, a majority of the Court believed that the proper determination of whether the trial court erred was by way of post conviction procedures, rather than on direct appeal. Noting that Covington was not represented on appeal by his trial counsel, the Court observed that "[w]e are unable to read the mind of his trial counsel so as to determine why he did not raise the issue below." *Covington*, 282 Md. at 545, 386 A.2d 336. We left the answer to a post conviction hearing. *Id.* at 545–546, 386 A.2d 336. Smith, J., speaking for the majority, explained:

> At a hearing under the Post Conviction Procedure Act, evidentiary issues may be fully explored. Such exploration would develop whether trial counsel fully understood what was being done and was satisfied with it. It would be determined, for instance, whether he had advised the trial judge that although he wished to be heard on the sentence to be imposed he did not wish to argue the issue of guilt or innocence. It likewise would be determined whether as a part of the plea bargain the defense conceded the sufficiency of the evidence and desired only to be heard on the sentence. After such full development of the facts surrounding this incident, an appellate court will not be placed in the position of speculating as to whether the complaint might be appellate afterthought. The court will have before it a full record upon which to determine whether the right of closing argument on the facts was denied to Covington, whether he knowingly waived such argument, or whether such argument was waived as a matter of trial tactics. Our insistence that an appellate court reach its conclusions with full information before it in no way deprives Covington of any rights. We believe it to be by far the sounder approach to the administration of justice. *Id.* at 545–546, 386 A.2d 336.

*Spence v. State*, 296 Md. 416, 463 A.2d 808 (1983)

William Spence was convicted at a non-jury trial of burglary, robbery, assault and theft. Defense counsel was not afforded the opportunity to argue the case before the verdicts were rendered. Upon his objection, the court

struck the verdicts and directed counsel to argue the case if he desired. Counsel moved for a mistrial, asserting that in the circumstances any argument would be a waste of time. The court denied the motion, whereupon counsel presented his closing argument. The judge stated that he had considered the argument but would adopt by reference all of his previous comments and findings and again rendered verdicts of guilty. Terms of imprisonment were imposed. *Spence v. State,* 296 Md. at 419, 463 A.2d 808. The Court of Special Appeals affirmed on direct appeal. *Spence v. State,* 51 Md.App. 359, 443 A.2d 648 (1982). We granted certiorari and reversed with direction to remand for a new trial. A majority of the Court concluded that

> the trial court violated the defendant's constitutional right to the assistance of counsel when it rendered its verdict before counsel had presented closing argument and that striking the verdict and permitting argument thereafter did not cure the defect. *Id.,* 296 Md. at 423, 463 A.2d 808.

The majority expressed its view as follows:

> [A]t a bench trial, the presiding judge is obliged to display every indicia of having an open mind, subject to being persuaded by a logical and convincing argument, prior to announcing the verdict. Furthermore, the verdict is the moment which signals the defendant's fate. He is constitutionally entitled to an opportunity before that moment to attempt to convince the trier of fact that he is innocent or that he is not guilty beyond a reasonable doubt. Depriving him of this opportunity is tantamount to shortening his day in court and denies him a fair trial. In our judgment, the striking of the verdict cannot restore the same stage, nor create the same atmosphere of fairness. *Id.* at 423–424, 463 A.2d 808.

### Summary

*Yopps* established that the failure to afford defense counsel the opportunity to argue the sufficiency of the evidence and the applicable law before a verdict is rendered

1) offends the constitutional guarantees of assistance of counsel; and

2) is reviewable on direct appeal upon timely protest or objection at trial; and

3) entitles the defendant to a new trial.

*Spence* made clear that the failure to afford defense counsel the opportunity to argue the sufficiency of the evidence and the applicable law before a verdict is rendered

1) is not cured by the striking of the verdict by the trial judge and the receiving of belated argument over protest or objection; and

2) is reviewable on direct appeal.

■■■ *Covington* teaches that the failure to afford defense counsel the opportunity to argue the sufficiency of the evidence and the applicable law before a verdict is rendered

1) is not reviewable on direct appeal in the absence of timely protest or objection when the record is not sufficient to show that the failure to protest or object was not knowing and purposeful; but

2) is reviewable under post conviction procedures in which the reasons for the absence of protest or objection at trial may be established through a plenary hearing.

If the post conviction court determines that the reason for the lack of protest or objection was a matter of trial tactics or was otherwise a considered decision on the part of defense counsel, then the defendant is not entitled to relief. If the post conviction court determines that defense counsel desired to present closing argument prior to verdict but was precluded from doing so by the premature announcement of the verdict by the court, the defendant is entitled to a new trial. Of course, the determinations of the post conviction court are subject to application for leave to appeal. Md. Code (1957, 1982 Repl.Vol.) Art. 27, § 645–I; Md. Rule 1093. *See* Md.Code (1973, 1984 Repl.Vol.) § 12–202(1) of the Courts and Judicial Proceedings Article.

We note that at the post conviction hearing to establish the reason for the lack of protest or objection at trial, competency of counsel is not directly involved. If, for example, it is shown that defense counsel had deemed it to be in the best interest of the defendant not to present closing argument, whether that decision resulted in depriving the defendant of the effective assistance of counsel is a matter for another inquiry when duly raised. For the test of effective assistance of counsel *see Harris v. State,* 303 Md. 685, 496 A.2d 1074 (1985).

We look at the cases before us in the light of the federal and State constitutions, our rules and our judicial decisions.

### The Cherry Case

At a court trial in the Circuit Court for Baltimore County, Mary Eloise Cherry, 29 years of age, with a history of shoplifting and heroin addiction, was convicted once again of theft. She stole a dress with a value of less than $300 from a clothing store, conduct proscribed by Maryland Code (1957, 1982 Repl. Vol.) Art. 27, § 342. The verdict came about in this fashion. Cherry pleaded not guilty and elected a court trial. After she assured the judge that she waived her right to a jury trial and her right to confront her accusers, the prosecutor presented a statement of the State's evidence. Defense counsel told the court that there were "[n]o additions, corrections or modifications ..." to the statement of facts, and "[f]or the record, move[d] for a judgment of acquittal." The transcript of the trial reads:

> THE COURT: Overruled. The verdict is guilty. Tell me about her.

Defense counsel reviewed Cherry's past history and spoke in mitigation of punishment. Cherry also addressed the court on the subject. A sentence of 18 months was imposed.

On direct appeal the Court of Special Appeals affirmed the judgment. *Cherry v. State,* 62 Md.App. 425, 489 A.2d 1138 (1985). Upon Cherry's petition, we ordered the is-

suance of a writ of certiorari to determine whether the circuit court erred "in finding [Cherry] guilty without first affording defense counsel the opportunity to make closing argument." [3]

■ The trial of Mary Eloise Cherry and the trial of Quenzill Covington are strikingly similar with regard to the constitutional right of assistance of counsel. Both defendants pled not guilty and elected to be tried by the court. Both waived a plenary trial and agreed that the State could present its case on a statement of the evidence it intended to adduce. Both were given the opportunity by the trial judge to submit additions or corrections to the respective statements and declared on the record that they had none. *See Covington v. State,* 282 Md. at 546, 386 A.2d 336 (Eldridge, J. dissenting). Neither Covington's counsel nor Cherry's counsel was afforded an opportunity to be heard on the evidence and the applicable law before the judge announced his verdict. In *Covington* the judge moved directly in the same statement from a discussion with the defendant concerning additions or corrections to the evidence, to a pronouncement of the verdict. *Id.* at 543 and 547, 386 A.2d 336. In *Cherry* the judge moved directly in the same statement from a discussion with the defendant concerning additions or corrections to the evidence, and a denial of the motion for a judgment of acquittal, to a pronouncement of the verdict. In both cases there was clearly no opportunity for counsel to have made closing argument. Neither counsel made an objection or protested or otherwise called attention at the trial to this conduct by the judge. Neither trial counsel continued his representation on appeal. In short, *Covington* is so factually apposite to *Cherry* as to make the *Covington* decision controlling.

---

**3.** We denied the State's conditional cross-petition which presented the question:

When the record reveals that defense counsel failed to make an objection to the manner in which the verdict was rendered at trial, is [Cherry's] belated assertion that defense counsel was denied the opportunity to make closing argument reviewable on direct appeal?

On the record before us, we are in no better position here than we were in *Covington* to answer the common question presented by the respective petitions for certiorari, namely, did the trial judge err in rendering a verdict of guilty without first affording defense counsel the opportunity to make closing argument. As in *Covington* "[w]e are unable to read the mind of [the] trial counsel so as to determine why he did not raise the issue below." *Covington*, 282 Md. at 545, 386 A.2d 336. And like *Covington*, "[t]here is nothing in this record to indicate that [the defendant] was in any way prevented from raising the issue at trial in the same manner in which the question was raised in *Yopps.*" *Id.* The explanation advanced by the majority in *Covington, see supra,* is fully applicable to *Cherry* and supports a like conclusion to that reached in *Covington.* As in *Covington* the absence of timely objection at trial precludes, in the circumstances, the review on direct appeal of the failure to afford the opportunity to argue. But, as could Covington, Cherry may, if she desires, commend her fate to post conviction procedures established by Md.Code (1957, 1982 Repl.Vol., 1985 Cum.Supp.) Art. 27, §§ 645A through 645–I, as implemented by Md.Rules 4–401 through 4–408. It follows that we are in agreement with the result reached by the Court of Special Appeals, namely, the affirmance of the judgment entered in the Circuit Court for Baltimore County upon the conviction and sentence of Cherry. Therefore, we affirm the judgment of the Court of Special Appeals.

Although we are in accord with the affirmance by the Court of Special Appeals of the judgment of the trial court, we do not accept the reasons it gives for its decision. The intermediate appellate court correctly concluded that "the issue of premature verdict announcement is not before us for review . . . ." *Cherry v. State*, 62 Md.App. at 434, 489 A.2d 1138 and *id.* (R.M. Bell, J., concurring). We differ, however, with that court as to why the issue was not to be determined on direct appeal. The conclusion of the Court of Special Appeals was bottomed on the notion that

> [w]hen no objection is noted to a premature verdict announcement, the right to present closing argument is *waived* and no basis exists for an appellate court to order that a mistrial should have been granted. *Id.* at 433, 489 A.2d 1138 (emphasis added).

The court cited generally to *Covington*. *Covington* does not so hold. The notion is not sound because, in the circumstances, there was no waiver of the right to present closing argument by the mere failure to object at trial. As we have seen, Md.Rule 4–322(c) flatly provides:

> If a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection at that time does not constitute a waiver of the objection.

Therefore, it was not that the right to closing argument was waived that precluded a review of the issue on direct appeal in *Covington*. Rather, it was that, in the circumstances, review was not feasible because the facts before the Court were insufficient to enable a determination whether the right was constitutionally waived or not, *see Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), and appellate courts are not fact finders. The same situation existed in *Cherry*.

*Covington* clearly lights the path which may be followed by the defendant in such circumstances. It is the path leading to a plenary hearing under post conviction procedures at which the facts and circumstances surrounding the failure to protest or object can be established and the appropriate determinations made thereon. Cherry may follow that path if she so desires.

### The Jackson Case

At a court trial in the Circuit Court for Baltimore City, Ronald Jackson was convicted of kidnapping, robbery with a deadly weapon and two charges of assault with intent to murder. The trial was plenary and the convictions came about in this fashion. At the close of the State's case motions for judgment of acquittal were made, argued and

denied. Jackson elected not to testify, and the court elicted from the defense that it did not have "[a]nything else to present." [4] The transcript of the proceedings reads:

The court: The test is now beyond a reasonable doubt and to a moral certainty as to all four charges.

Any argument?

[Defense counsel]: Yes.

The Assistant State's Attorney then presented argument, urging conviction on all the charges. Immediately upon the conclusion of the prosecutor's argument the judge discussed each charge and found that the State had met its burden of proof as to each of them. He reiterated that he denied the motions for judgment of acquittal, found Jackson guilty of the four charges and asked if Jackson was ready for sentencing. At the request of defense counsel, the court ordered a pre-sentence investigation. A disposition date was set and the proceedings were adjourned. At the disposition phase of the trial sentences calling for 80 years incarceration were imposed.

The Court of Special Appeals affirmed the judgments on direct appeal. *Jackson v. State,* 63 Md.App. 149, 492 A.2d 346 (1985). We ordered the issuance of a writ of certiorari to the Court of Special Appeals upon Jackson's petition. The petition presented three questions:

1) Did the trial judge err in finding [Jackson] guilty without first affording defense counsel the opportunity to make closing argument?

2) Did the trial court err in convicting [Jackson] of, and sentencing [Jackson] for, two counts of assault with intent to murder?

3) Is the evidence sufficient to sustain the convictions for assault with intent to murder?

---

**4.** Since the defense offered no evidence, the motions for judgments of acquittal made at the close of evidence offered by the State were not withdrawn. Maryland Rule 4–324(c).

**646**

 The only relevant aspect which Jackson's trial and Cherry's trial had in common was the failure of the trial judge to afford defense counsel the opportunity to make closing argument prior to the rendering of the verdict. The significant difference between the two trials is that in Jackson's trial the judge asked defense counsel if he wanted to argue and then did not honor counsel's affirmative reply. So in *Jackson* we are not "placed in the position as to whether the complaint might be appellate afterthought," *see Covington,* 282 Md. at 545, 386 A.2d 336, as we were in *Cherry.* Nor, unlike *Cherry,* do we need more facts than those reflected in the record. The transcript of Jackson's trial clearly shows that his counsel made timely demand in open court to argue the case and that he was not afforded the opportunity to do so. It is clear from *Spence* that once the verdict is rendered in such circumstances the integrity of the trial is lost and that even the striking of the verdict and the receipt of belated argument will not serve to restore it. There is absolutely no indication or suggestion that in the very short period that elapsed between the time defense counsel made known to the court his desire to argue and the time the verdicts were pronounced, he did in fact, or had any conceivable reason to, change his mind about arguing the case or abandon his expressed demand to do so. So there is no necessity to look to a plenary hearing under the Post Conviction Procedure Act to establish the circumstances surrounding the premature verdict; they are sufficiently reflected in the transcript of the trial. The issue was adequately preserved for review and is ripe for determination on this direct appeal. We now determine it without further ado.

 We conclude, pursuant to the teachings of *Yopps* and *Spence,* that

1) the trial court erred in finding Jackson guilty without first affording defense counsel the opportunity to make closing argument; and

2) the error was of constitutional dimension; and

3) Jackson is entitled to a new trial.

Therefore, we reverse the judgment of the Court of Special Appeals and remand the case to it with direction to reverse the judgment of the Circuit Court for Baltimore City and to remand the case to that court for a new trial.

In the light of our decision, we have no need to determine the other two questions presented by Jackson in his petition for a writ of certiorari.

CASE NO. 87, SEPTEMBER TERM, 1985, MARY ELOISE CHERRY V. STATE OF MARYLAND: JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED;

COSTS TO BE PAID BY PETITIONER, MARY ELOISE CHERRY.

CASE NO. 121, SEPTEMBER TERM, 1985, RONALD JACKSON V. STATE OF MARYLAND: JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED;

CASE REMANDED TO THAT COURT WITH DIRECTION TO REVERSE THE JUDGMENTS OF THE CIRCUIT COURT FOR BALTIMORE CITY AND TO REMAND TO THAT COURT FOR A NEW TRIAL;

COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.

RODOWSKY, Judge, concurring and dissenting:

I concur in the mandate in *Cherry* and dissent in *Jackson* because I continue to adhere to the views expressed by Chief Judge Murphy in his dissenting opinion, in which I joined, filed in *Spence v. State*, 296 Md. 416, 426, 463 A.2d 808, 813 (1983).

McAULIFFE, Judge, concurring and dissenting:

I concur in the decision to affirm the judgment of the Court of Special Appeals in the case of Mary Eloise Cherry, but write separately to express the view that failure of

counsel timely to object to the failure of the trial judge to afford an opportunity for argument before verdict should operate as a waiver of that right and a bar to the defendant's right to raise that issue in any subsequent proceeding.

I dissent from the Court's decision to reverse the conviction of Ronald Jackson.

I

*The Cherry Case*

The majority's holding that the failure of Cherry's attorney to interpose a timely objection results only in the loss of the right to raise the issue on direct appeal and is not a waiver of the right to argument, while consistent with the Court's holding in *Covington v. State,* 282 Md. 540, 386 A.2d 336 (1978), does not go far enough.

I would hold that the failure of a defendant represented by counsel[1] to interpose a timely objection constitutes a waiver of the right and a bar to raising the issue thereafter in direct or collateral attack upon the judgment, except upon a showing of ineffective assistance of counsel.

The right to have counsel present argument before verdict, while an important right of constitutional origin, may be waived by inaction. Judge Eldridge put it well when, in speaking for the dissenting judges in *Covington, supra,* 282 Md. at 540, 386 A.2d 336, he said:

I do not agree with the defendant's contention that the right to closing argument before the rendition of the verdict is of such a character that there can be a waiver only where the record affirmatively shows a knowing and intelligent relinquishment of the right. *Cf. Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The Supreme Court in *Herring v. New York, supra,* likened the right to have counsel make closing argument to other aspects of the right to the assistance of counsel, such as the right to have counsel elicit the defendant's

---

1. Because the defendants in each of these cases were represented by counsel, I address only that situation.

sworn testimony and the right of counsel to decide when during the course of the defense to have the accused take the stand, 422 U.S. at 857–858 [95 S.Ct. at 2552–2553]. These rights clearly fall within the category of tactical decisions by counsel. As the Supreme Court said in *Estelle v. Williams*, 425 U.S. 501, 512, 96 S.Ct. 1691 [1697], 48 L.Ed.2d 126 (1976), regarding the constitutional right of a criminal defendant not to be tried in prison clothes:

"Under our adversary system, once a defendant has the assistance of counsel the vast array of trial decisions, strategic and tactical, which must be made before and during trial rests with the accused and his attorney."

Like the right not to be tried in prison garb, the right to make closing argument falls within the category of a strategic matter resting with the accused and his attorney. Normally, when there is no assertion of a right of this character, an appellate court should assume that a strategic decision was made to waive the exercise of the right.

This Court has upheld waiver of other constitutional rights by inaction. In *State v. McKay*, 280 Md. 558, 570, 375 A.2d 228 (1977), the Court said:

The poll of the jury, the very procedure by which unanimity is confirmed, is an "absolute right" of "constitutional dimension," *Ross v. State*, 24 Md.App. 246, 253, 330 A.2d 507 (1975), *rev'd on other grounds*, 276 Md. 664, 350 A.2d 680 (1976), which can be waived by the simple failure to exercise it. Similarly, a mere failure to object to the admission of illegally seized evidence amounts to a waiver of that valuable right. *Jenkins v. State*, 232 Md. 529, 532–33, 194 A.2d 618 (1963); *Porter v. State*, 230 Md. 535, 536–37, 187 A.2d 870 (1963).

Attorneys in this State are well aware of the requirements of our civil and criminal rules for contemporaneous objection to perceived errors. *See* Maryland Rules 2–517 and 4–322. It would therefore impose no unusual or unexpected burden upon counsel to require the interposition of a

reasonably prompt objection upon the failure of a trial judge to afford an opportunity for argument. In *Yopps v. State*, 228 Md. 204, 178 A.2d 879 (1962), we have an example of the noting of a timely objection, and consequent preservation of the right.

There seems to be present in the reasoning in this Court's previous cases the notion that it is too late to object after the verdict has been rendered, and that there is therefore no valid reason for requiring objection to be made within a reasonable time after the error. It is true, as the Court pointed out in *Spence v. State*, 296 Md. 416, 423, 463 A.2d 808 (1983), that the error cannot be cured by the unilateral action of the trial judge in striking the verdict and allowing argument before again making a finding. But it does not follow that there is no basis for the existence of a rule requiring a seasonable objection. In fact, such a rule has considerable utility. When the failure to afford an opportunity for argument has resulted from an oversight, and the error is promptly brought to the attention of the trial judge, several opportunities exist for prompt resolution of the problem. First, the trial judge may represent to the defendant his belief that he can effectively strike from his mind the verdict just entered and give full and fair consideration to the argument of counsel before reaching a new verdict, and the defendant may very well prefer to proceed on that basis. Of course, as the Court pointed out in *Spence*, the defendant has an absolute right to insist upon the granting of a mistrial, and he cannot be required to proceed. But where the record demonstrates the defendant understands his right to a mistrial, and voluntarily elects to proceed to judgment with that trial judge, he certainly should have the option to do so.[2] In the absence of a timely objection, this opportunity for a prompt disposition of the case is lost.

Additionally, in those cases in which a mistrial must be declared because the defendant does not elect to proceed, it

---

2. I do not find it at all improbable that a defendant and his attorney would be sufficiently convinced of the integrity and objectivity of a

will often be possible to promptly begin the trial anew before another judge. Doing so would avoid the expense and delay of a post conviction hearing, and in many cases would avoid substantial inconvenience to the witnesses.

Finally, the utilization of the waiver rule would remove the option now afforded defense counsel to maintain silence until after the disposition hearing, and complain when dissatisfied with the sentence.

Any reasonably effective trial counsel knows of the absolute right to present argument before verdict, and will certainly be immediately aware of the deprivation of that right when it occurs. When a defendant's attorney desires the opportunity to argue, but is deprived of it, he will have the opportunity to say so. Even though the objection is lodged after the error has occurred, it will be timely if it is promptly interposed. If the attorney is not aware of the right to present argument, that fact may be addressed in a claim of ineffective assistance of counsel.

Because it is reasonable to require a defense attorney to promptly complain if denied the right of argument, and because the utilization of the waiver rule serves several legitimate interests and furthers the goal of prompt disposition of criminal cases, I would announce the rule through the vehicle of this case, limiting it to prospective application.

II

*The Jackson Case*

At the conclusion of the State's case defense counsel made a motion for judgment of acquittal on all counts, and

---

trial judge to elect to proceed following an opportunity for argument. Nor do I believe that the trial judges of this State would experience any significant difficulty in fulfilling such expectations. The holding of *Spence,* while fulfilling important requirements relating to the perception of fairness, does not suggest that a defendant could not voluntarily elect to proceed with the trial. Additionally, a defendant and his counsel may have a strong desire to have the case remain with the particular judge for purposes of disposition, and this may contribute to a decision by the defendant to proceed.

argued that the State's case was factually and legally insufficient. Judge Caplan denied the motion, and the defense rested without producing any evidence. Thereupon, the following occurred:

*The Court:* The test is now beyond a reasonable doubt and to a moral certainty as to all four charges.

Any argument?

*[Defense Counsel]*: Yes.

*[Prosecutor]*: Your honor, I believe the State has met its burden as to the kidnapping and the assault. He has identified first of all the individual who pointed the shotgun and bailed out of the rear seat of the cab. The officer described the man with the brown coat who fired the blast and was in the back seat from where the blast came. The officers testified that they were placed in fear. Certainly it was danger, fired directly at the officers. Your honor, whether or not the blast did actual damage to the officers is immaterial. Certainly there was an assault here, and they were placed in fear, backed off for their own protection, from any further attacks. And certainly there was an intent to kill.

As to the kidnapping, you heard that Mr. Gibson was placed in the trunk and carried away. Fortunately the officers were able to come to his aid and release him.

I believe, your honor, beyond a reasonable doubt that the defendant is guilty of the robberies, the kidnapping and assault with intent to murder as to both officers.

*The Court:* The Court finds beyond a reasonable doubt and to a moral certainty that there was a robbery of the victim in this case, Mr. Gibson, that robbery was at gun point, and there was an exchange of United States currency from the victim, Mr. Gibson, to the assailants in this case, more particularly to the defendant. So the Court finds that robbery with a dangerous and deadly weapon has been sustained.

As to kidnapping, 105, the Court believes that the State has met its burden as to kidnapping in this case.

As to assault with intent, there was a shotgun blast from the cab in the direction of the police car. Both officers testified that they were in fear at that time. There was a shotgun found in the cab and the Court finds that the defendant was the one who pointed that weapon at the officers.

Although there was no direct testimony that the weapon was fired by the defendant, there is evidence that the gun was in the possession of the defendant, and the Court believes that the defendant was the person who fired that weapon, and the Court believes it was with the intent to do bodily harm, and to strike a vital organ of the police officers.

So I deny the motion as to five, six and seven, and find that the State has made out its burden.

Is the defendant ready for sentencing?

*[Defense Counsel]*: Your honor, we need a pre-sentence investigation, especially in light of this situation, that has not relieved itself.

*The Court:* Wasn't there a report done?

*[Defense Counsel]*: Only after I stomped my feet and pleaded with Judge Davis, and there is no background at all in it.

*The Court:* We will order a presentence report and schedule this for disposition the last week in August.

[There follows a discussion concerning the availability of each attorney, and the scheduling of the case for a disposition hearing.]

We have no way of knowing from the printed transcript how much time elapsed between the conclusion of argument by the prosecutor and commencement of the trial judge's findings. We cannot know whether by non-verbal communication of any kind defense counsel indicated to the judge that having heard the prosecutor's argument, he had nothing to add to the argument he had just advanced in support of a judgment of acquittal. We can determine, however, that there was ample opportunity for defense counsel to

have interposed an objection, and that he did not do so. I find it difficult to believe that competent counsel, intent upon arguing the case as soon as the prosecutor concluded, would not have interposed an objection as soon as the judge began to state his findings. In any event, defense counsel had every opportunity to object on any of the several occasions he addressed the court immediately thereafter. He did not do so, nor did he make any mention of the alleged error at the sentencing hearing that occurred two months later.

An earlier expression of an intent to present argument is no substitute for promptly bringing to the attention of the court a claimed failure to permit argument. I would affirm the conviction.