549 A.2d 1178

James Junior HOLLAND

v.

STATE of Maryland.

No. 295, Sept. Term, 1988.

Court of Special Appeals of Maryland.

Nov. 14, 1988.

Sherrie B. Glasser, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Cathleen C. Brockmeyer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Sandra A. O'Connor, State's Atty. for Baltimore County, Towson, on the brief), for appellee.

Submitted before BLOOM, WENNER and POLLITT, JJ.

POLLITT, Judge.

Following a bench trial in the Circuit Court for Baltimore County, Judge A. Owen Hennegan presiding, appellant, James Junior Holland, was convicted of third degree sexual offense, carrying a weapon openly, and battery. On 22 December 1987, he was sentenced to a term of ten years for the third degree sexual offense, three years concurrent on the weapons charge, and five years concurrent for the battery. On appeal, Holland asserts that:

(1) He was denied a "constitutional right" to present closing argument prior to the trial judge's ruling on his motion to suppress certain evidence.

(2) His convictions for third degree sexual offense and battery should have merged.

We find no error and shall affirm the judgments. The facts necessary to the discussion of each issue will be set forth therein.

I

Prior to trial, appellant had filed several mandatory motions, one of which was to suppress any in-court identification of the defendant, alleging impermissibly suggestive pretrial identification procedures. *See* Rule 4–252(a)(3). At the beginning of the trial, defense counsel asked the court to "hold the decision on that identification motion sub curia and until the facts surrounding that identification are brought before the court during the course of this court

trial." The court agreed.[1] During the course of the trial, both the victim and a witness, William Turner, identified appellant *without objection,* and the police testified to on the scene identifications by the witnesses, again *without objection.*

At the conclusion of all the evidence, motions for judgment of acquittal were denied, the State waived opening argument, and the following then occurred:

[Defense Counsel]: Your Honor, if I am not mistaken, it leaves us with five counts of this indictment for the court to rule.

The Court: Yes. First of all I presume I should rule on the motion.

[Defense Counsel]: Yes, they are remaining open, motion to suppress both the identification and the search. I will submit on the search as to the scissors based on the testimony.

The Court: I'll deny the motion to suppress the identification and I will deny the motion with respect to suppression of the scissors.

[Defense Counsel]: May I be heard? I will submit on that. I would like to be heard as to the identification. Briefly, if I may, Your Honor....

Counsel then presented argument that the exhibition of appellant to the victim was "a show up out on the street" while he was in custody of the police, arguing that such procedure was improperly suggestive. The court said:

THE COURT: Well, the identification of the victim occurs, number one, when she has left her house and on the way to Edward's Cafe. She went further then [sic] identifying the defendant from his clothing alone. She

---

**1.** Rule 4–252(f) provides that such motions *shall* be determined before trial. It could well be that, by not obtaining a ruling on his motion before trial, *and* by not objecting to the identification evidence when received, appellant has not preserved for review the motion to suppress that evidence, much less his perceived right to argue it. *See Jackson v. State,* 52 Md.App. 327, 449 A.2d 438, *cert. denied,* 294 Md. 652 (1982). This issue has not been raised and we do not address it.

went further and identified him as to head and facial characteristics, and height and build. Further identification was made the second time when she is coming from Edward's and she testified that the same car, the same individual stopped again. Identification further was made by the witness Turner. So, it was much more of an identification than just a show up on the street in the opinion of the court. So, I will deny your motion.

[Defense Counsel]: Thank you. I would like to be heard now as to each count of the indictment....

As his first argument, appellant says, "[a]ssuming that a defendant has a constitutional right to present closing argument before a judge renders his decision on a motion to suppress, that right was violated in the instant case." A major flaw in the argument is that the assumptior unwarranted. Appellant has referred us to no case, and we have found none, holding that such a constitutional right exists.[2]

---

2. The State suggests, not without some justification, that this issue has not been preserved for our review. It asserts that *even if such a right exists*, it can be waived, citing *Covington v. State*, 282 Md. 540, 386 A.2d 336 (1978), *aff'g* 34 Md.App. 454, 367 A.2d 974 (1977). In that case appellant made no effort to bring the matter to the attention of the trial judge. As the Court made clear, however, in *Cherry v. State*, 305 Md. 631, 506 A.2d 228 (1986), *aff'g* 62 Md.App. 425, 489 A.2d 1138 (1985), *Covington* did not hold that the appellant waived his right to argue. It held that the facts before the Court were not sufficient to enable a determination of whether the right was constitutionally waived. *Cherry, supra*, 305 Md. at 644, 506 A.2d at 234. The facts in the case before us also are distinguishable from the cases of *Spence v. State*, 296 Md. 416, 463 A.2d 808 (1983), *rev'g* 51 Md.App. 359, 443 A.2d 648 (1982), and *Yopps v. State*, 228 Md. 204, 178 A.2d 879 (1962). In the case before us appellant did not move for a mistrial, as in *Spence*, and the court did not refuse to hear argument as in *Yopps*. Neither did appellant simply proceed without comment as in *Covington*, nor ask that the "premature" ruling be stricken, a part of the third alternative option we suggested in *Cherry v. State, supra*, 62 Md.App. at 434, 489 A.2d at 1142. We cannot be sure that the appellant knowingly and voluntarily elected to proceed knowing he could have requested a mistrial. *See Cherry, supra*, 305 Md. at 650, 506 A.2d at 237–38 (McAuliffe, J., concurring). We think the better course is to treat the issue as preserved and decide it.

It is now firmly established that the right to the assistance of counsel provided in the Sixth Amendment to the Constitution of the United States and Article 21 of the Declaration of Rights of Maryland necessarily includes the right to have counsel make closing argument on the law and the evidence prior to the rendition of a verdict, whether the trial is before a jury or the court. *Yopps v. State*, 228 Md. 204, 178 A.2d 879 (1962). The Supreme Court agreed, citing *Yopps*, in *Herring v. New York*, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975), where Justice Stewart said for the Court:

It can hardly be questioned that closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. For it is only after all the evidence is in that counsel for the parties are in a position to present their respective versions of the case as a whole. Only then can they argue the inferences to be drawn from all the testimony, and point out the weaknesses of their adversaries' positions. And for the defense, closing argument is the last clear chance to persuade the trier of fact that there may be reasonable doubt of the defendant's guilt.

*Id.* 422 U.S. at 862, 95 S.Ct. at 2555.

The Court specifically noted, however:

We deal in this case only with final argument or summation at the conclusion of the evidence in a criminal trial. Nothing said in this opinion is to be understood as implying the existence of a constitutional right to oral argument at any other stage of the trial or appellate process.

*Id.* 422 U.S. at 863, n. 13, 95 S.Ct. at 2556, n. 13.

All of the Maryland cases referred to by both parties (*Cherry v. State*, 305 Md. 631, 506 A.2d 228 (1986); *Spence v. State*, 296 Md. 416, 463 A.2d 808 (1983); *Covington v. State*, 282 Md. 540, 386 A.2d 336 (1978); *Yopps v. State*, *supra*, and *Cherry v. State*, 62 Md.App. 425, 489 A.2d 1138 (1985)), are concerned with the right to closing argument before a verdict, and are inapposite to the precise question

presented here. We know of no Maryland case extending that right to any other stage of the trial.

In *Brenneman v. State,* 264 Ark. 460, 573 S.W.2d 47 (1978), *cert. denied,* 442 U.S. 931, 99 S.Ct. 2863, 61 L.Ed.2d 299 (1979), the Supreme Court of Arkansas held that an accused has no constitutional right to have oral argument by counsel at the conclusion of an evidentiary hearing on a motion to suppress evidence. Citing *Herring, supra,* the Court said:

> The right to be heard by counsel does not mean that an oral argument of counsel must be heard every time (or any time) the trial judge must make a decision as to the admissibility of evidence, even when that decision turns upon a question of fact.

*Id.* 573 S.W.2d at 52.

Under some circumstances, if the matter is complicated and the evidence lengthy, closing argument may be desirable in a suppression hearing, but it is not constitutionally required. *Matter of E.B.,* 111 Wis.2d 175, 330 N.W.2d 584 (1983). The motion filed by Holland was in writing, stated the grounds upon which it was made, and was accompanied by points and authorities as required by Rule 4–252(d). Under similar circumstances, the Court of Appeals of Oregon held it was not an abuse of discretion to limit the defendant to his written motion without oral argument, pointing out that there is no constitutional right to oral argument on a motion to suppress. *State v. Gholston,* 55 Or.App. 790, 639 P.2d 1302 (1982).[3]

Other courts have refused to extend the holding of *Herring* to other stages of the trial. *See, e.g., United States v. Salovitz,* 701 F.2d 17 (2d Cir.1983) (criminal defendant has no constitutional right to have attorney make an opening

---

**3.** In the case before us, appellant is not asserting an abuse of discretion. His argument is only a claimed denial of an alleged constitutional right. While there is certainly no evidence of abuse of discretion in this case, we do not reach the question of whether, under appropriate circumstances, a refusal by a court to hear argument on a motion could be an abuse of discretion.

statement); *People v. Withers,* 87 Ill.2d 224, 57 Ill.Dec. 736, 429 N.E.2d 853 (1981), (no constitutional right to argue a motion for a directed verdict); *Ogle v. Estelle,* 641 F.2d 1122 (5th Cir.1981) (no constitutional right to oral argument on appeal).

We hold that a defendant in a criminal case does not have a constitutional right to present oral argument prior to a ruling on a motion to suppress evidence.

## II

### Merger

■ Maryland Code (1957, 1987 Repl.Vol.), Art. 27, § 464B states in pertinent part:

(a) ... A person is guilty of a sexual offense in the third degree if the person engages in sexual contact:

(1) With another person against the will and without the consent of the other person and:

(i) Employs or displays a dangerous or deadly weapon or an article which the other person reasonably concludes is a dangerous or deadly weapon....

"Sexual contact," as defined in § 461(f), includes "the intentional touching of any part of the victim's or actor's anal or genital areas ... for the purposes of sexual arousal or gratification...."

The testimony of the victim was that appellant grabbed her, held a pair of scissors to her head and said, "Bitch, you going to jerk me off." The victim testified, "while he got the scissors to my head, I wasn't about to take no chances, so I did what he said to do." She followed his directions, placing her hand in his trousers and fondling his penis "because he had scissors at my head." The trial judge correctly found beyond a reasonable doubt that this constituted a third degree sexual offense.

After this sexual contact, the victim was forced to lie on the ground with appellant on top of her. She saw someone passing by and yelled, and the witness, Turner, started

toward them. Appellant jumped up and ran, but, as the victim testified, "before he jumped up he beat me all over the face with his fists." As the court observed, photographs of the victim taken shortly thereafter showed her face was severely swollen around her left eye. The trial judge correctly found that this constituted a separate battery.

These two separate insults to the person of the victim do not merge. *State v. Boozer,* 304 Md. 98, 497 A.2d 1129 (1985).

JUDGMENTS AFFIRMED; APPELLANT TO PAY COSTS.