564 A.2d 105

**Nathan B. IVEY**

v.

**STATE of Maryland.**

**No. 126, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

Oct. 3, 1989.

Victoria S. Keating, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Thomas K. Clancy, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Davis R. Ruark, State's Atty. for Wicomico County, Salisbury, on the brief), for appellee.

Submitted before ROBERT M. BELL, WENNER and FISCHER, JJ.

ROBERT M. BELL, Judge.

Nathan Ivey, appellant, was convicted, at a bench trial in the Circuit Court for Wicomico County, of second-degree rape and sentenced to eighteen years' imprisonment. His appeal from that judgment presents two issues:

1. Did the court below err in infringing upon appellant's right to have counsel make a closing argument?

2. Was the court clearly erroneous in its verdict?

We find merit in the first issue and, thus, we will reverse and remand for a new trial. Because, however, the second issue tests the sufficiency of the evidence, we will also address it, notwithstanding its lack of merit.

### 1. Closing Argument

■ The Court of Appeals in *Spence v. State*, 296 Md. 416, 419, 463 A.2d 808 (1983) observed that:

> It is well-settled in this State that the opportunity for summation by defense counsel prior to verdict in a non-jury trial as well as in a jury trial is a basic constitutional right guaranteed by Article 21 of the Maryland Declaration of Rights and the Sixth Amendment to the United States Constitution as applied to the States by the Fourteenth Amendment.

This principle was reiterated and elucidated in *Cherry v. State*, 305 Md. 631, 635, 506 A.2d 228 (1986):

> The Constitutional right of a defendant to be heard through counsel necessarily includes his right to have his counsel make a proper argument on the evidence and the applicable law in his favor, however simple, clear, unimpeached, and conclusive the evidence may seem, unless he has waived his right to such argument, or unless the argument is not within the issues in the case, and the trial court has no discretion to deny accused such right. *Yopps v. State*, 228 Md. 204, 207, 178 A.2d 879 (1962).
>
> "Through his counsel, no matter how convincing the evidence may appear to be, the accused has the right to subject all the facts and evidence produced at the trial to a logical analysis." 228 Md. at 208, 178 A.2d 879. A defendant's constitutional right to have his cause argued before a verdict is rendered applies equally to a jury trial and a bench trial.

*See also Spence*, 296 Md. at 423–24, 463 A.2d 808. In the instant case appellant argues that his counsel was denied the opportunity to make a closing argument.

At the conclusion of all of the evidence, the following occurred:

THE COURT: Do you wish to be heard?

DEFENSE COUNSEL: I just want to make a motion for acquittal.

THE COURT: Do you want to be heard on it?

DEFENSE COUNSEL: Yeah, I don't mind being heard, Judge. The evidence, there is not no conflict in any way, shape or form, until the sex act. You have got two different versions of that, one just as far apart as the moon, and it is a question of credibility here.

You have got this kid that is there within reach of the people that says that there was no hassle, no fighting or no nothing, and apparently there is no—in the first place, they should not have ever been together. That is neither here nor there. They were and this is what happened. This is what you could expect to happen under the circumstances.

You have heard all of the testimony. There is no need for me rehashing all that sort of thing.

The prosecutor having been heard on the motion, the focus shifted to closing argument. The proceedings in that regard were as follows:

DEFENSE COUNSEL: Judge, when she tells her husband that she had been raped he took her home. That is all there was to it. Then from there they started calling the police, instead of taking her to the hospital.

The facts in this case, I cannot conceive of them being consistent with the rape, a real rape. I don't argue the fact that they had sex, I don't argue the fact that she may have had a bruise on her. How she got them, I don't know. With the conduct that these people had been performing, it could have come from anything. We are not here to point out exactly how it happened. Naturally you are—

THE COURT: Let me help you some. I am going to find him not guilty of the first count. I don't think it is first degree rape.

Now, second degree rape, assault with intent to rape, assault and battery, he is guilty under the second count and the fourth and fifth counts beyond a reasonable doubt. Not guilty under the third count. That merges, I guess. He used force.

What is his situation?

PROSECUTOR: Your Honor, the State obtained information—Mr. Ivey is from Florida. We calculated the guidelines based on what I was told by the clerk, and in fairness to Mr. Ivey, the records I received, the certifies [sic] they are not clear as to exactly—as it stands it looks like he has a major record, two CDS convictions, two counts each, and two counts under two cases of aggravated assault.

THE COURT: All right, I will get a presentence.

PROSECUTOR: Thank you.

THE COURT: He is in your custody, Mr. Sheriff.

(Whereupon, at 12:50 P.M. Court adjourned.)

*Cherry* and *Spence* are dispositive of this issue and require reversal of appellant's convictions. In *Spence*, the defendant, having moved for judgment of acquittal and offered argument on the motion at the end of the State's case, renewed his motion at the conclusion of all of the evidence and submitted without further argument. The court denied the motion and, without pause, announced its verdicts convicting the defendant of various charges. Defense counsel objected to the lack of opportunity for summation prior to the rendition of the verdicts and, even though the court struck the verdicts, directing counsel to argue the case if he desired, moved for mistrial. The motion for mistrial was denied and counsel then presented closing argument. When he had finished, the court reaffirmed its prior verdicts, adopting by reference its previous comments and findings. 296 Md. at 418–19, 463 A.2d 808. Our affirmance of the conviction was reversed by the Court of Appeals, which held that "... the trial court violated the defendant's constitutional right to the assistance of counsel when it rendered its verdict before counsel had presented closing argument and that striking the verdict and permitting argument thereafter did not cure the defect." 296 Md. at 423, 463 A.2d 808. It went on to elucidate:

In our view, at a bench trial, the presiding judge is obliged to display every indicia of having an open mind, subject to being persuaded by a logical and convincing argument, prior to announcing the verdict. Furthermore, the verdict is the moment which signals the defendant's fate. He is constitutionally entitled to an opportunity before that moment to attempt to convince the trier of fact that he is innocent or that he is not guilty beyond a reasonable doubt. Depriving him of this opportunity is tantamount to shortening his day in court and denies him a fair trial. In our judgment, the striking of the verdict cannot restore the same stage, nor create the same atmosphere of fairness.

Moreover, due process includes the right to have counsel argue the most hopeless case to the factfinder before verdict. It is clear if counsel must argue such a case after the verdict is announced, counsel will truly be "whistling in the wind".

296 Md. at 423–24, 463 A.2d 808.

The significance and reach of the *Spence* holding were made manifest by the *Cherry* decision. In *Jackson v. State*, the companion case to *Cherry*, the defendant moved for judgment of acquittal at the close of the State's case, which, after argument, was denied by the court. At the close of all the evidence, the court, having stated the test to be applied at that stage, asked counsel: "Any argument?", to which counsel replied, "Yes". After the assistant State's Attorney had argued, the court reiterated its denial of the defendant's motion for judgment of acquittal and found the defendant guilty of the charges. Without objecting to the court's premature pronouncement of the verdict, defense counsel then requested the court to order a presentence investigation report before sentencing proceeded. Once again we affirmed the lower court's judgment. And, once again, the Court of Appeals reversed. The Court found significant the fact that "... the judge asked defense counsel if he wanted to argue and then did not honor

counsel's affirmative reply." 305 Md. at 646, 506 A.2d 228.
The Court explained:

> The transcript in Jackson's trial clearly shows that his
> counsel made timely demand in open court to argue the
> case and that he was not afforded the opportunity to do
> so. It is clear from *Spence* that once the verdict is
> rendered in such circumstances the integrity of the trial is
> lost and that even the striking of the verdict and the
> receipt of belated argument will not serve to restore it.
> There is absolutely no indication or suggestion that in the
> very short period that elapsed between the time defense
> counsel made known to the court his desire to argue and
> the time the verdicts were pronounced, he did in fact, or
> had any conceivable reason to, change his mind about
> arguing the case or abandon his expressed demand to do
> so.

305 Md. at 646, 506 A.2d 228.

*Cherry* is not to the contrary; it differs only in that, as
the Court noted, "review was not feasible because the facts
before the Court were insufficient to enable a determination
whether the right [to closing argument] was constitutional-
ly waived or not...." 305 Md. at 644, 506 A.2d 228. In
*Cherry*, the defendant, having elected to proceed on a not
guilty plea upon an agreed statement of facts, *see Ingersoll
v. State*, 65 Md.App. 753, 501 A.2d 1373 (1986), was found
guilty before her attorney had been given an opportunity to
make closing argument; however, counsel did not "make an
objection or [protest] or otherwise [call] attention at the
trial to this conduct by the judge." 305 Md. at 642, 506
A.2d 228. The Court found *Covington v. State*, 282 Md.
540, 386 A.2d 336 (1978), to be dispositive. Of particular
significance was *Covington's* teaching

> that the failure to afford defense counsel the opportunity
> to argue the sufficiency of the evidence and the applica-
> ble law before a verdict is rendered
>
> > 1) is not reviewable on direct appeal in the absence of
> > timely protest or objection when the record is not

sufficient to show that the failure to protest or object was not knowing and purposeful; but

2) is reviewable under post conviction procedures in which the reasons for the absence of protest or objection at trial may be established through a plenary hearing.

305 Md. at 640, 506 A.2d 228.

Notwithstanding the fact that counsel did not request an opportunity to make closing argument before the verdict was rendered and did not object to the premature verdict once it was rendered, it is patent that the appellant's conviction must be reversed. The case *sub judice* presents a scenario much closer to that in *Jackson,* than in *Cherry.* Indeed, the facts of this case may be even stronger than *Jackson.* Here, counsel began to make the argument. He did not complete it, however, because, as the record reflects, the court interrupted to render its verdict. It is of no consequence that no objection was lodged to the premature verdict. The record is sufficient to demonstrate the circumstances surrounding the premature verdict and those circumstances, in turn, demonstrate that appellant was denied the benefit of closing argument.[1]

### 2. Sufficiency

■ Appellant argues that the trial judge should not have believed the victim, who had been drinking on the evening in question, because her testimony lacked credibility. Implicit in that argument is the concession that, absent

---

**1.** The State argues that "[i]t is clear ... that defense counsel had made all of the argument he desired to make" and that "[defense counsel] apparently was groping for anything more to say when the court said it would help him out". We agree with appellant's rebuttal:

The record shows only that defense counsel was cut off in mid-sentence after an extremely brief argument had been given. There is no indication anywhere in the record that counsel had said all he needed or desired to say and that he was "groping" for what to say next; the State's assertion that this was so cannot and does not make it so.

considerations of credibility, there is evidence in the record sufficient to support the court's judgment.

Maryland Rule 8–131(c) provides:

(c) *Action Tried Without a Jury.*— When an action has been tried without a jury, the appellate court will review the case on both the law and the evidence. It will not set aside the judgment of the trial court on the evidence unless clearly erroneous, and will give due regard to the opportunity of the trial court to judge the credibility of the witnesses.

The rule makes clear that the trial court is charged with the responsibility for judging credibility. Only if no rational trier of fact could have resolved the credibility issue as the trial court did may we set aside its judgment on that basis. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The victim testified that appellant forcibly engaged in sexual intercourse with her, describing the circumstances under which it was accomplished, and her testimony was corroborated in several important particulars by other witnesses. This being the case, we conclude that, contrary to appellant's position, the judgment is not clearly erroneous.

JUDGMENT REVERSED; CASE REMANDED TO CIRCUIT COURT FOR WICOMICO COUNTY FOR NEW TRIAL.

COSTS TO BE PAID BY WICOMICO COUNTY.